**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Larry Edward STEAD,**
**Defendant-Appellant.**

**Nos. 83–5431, 83–5797.**

United States Court of Appeals,
Sixth Circuit.

Argued July 20, 1984.

Decided Oct. 23, 1984.

Rehearing and Rehearing En Banc
Denied Dec. 6, 1984.

Rehearing Denied Dec. 21, 1984.

Mark H. Flener, argued, Huddleston Brothers & Duncan, Bowling Green, Ky. (Court-appointed), for defendant-appellant.

Ronald E. Meredith, U.S. Atty., Alan Sears, argued, Asst. U.S. Atty., Louisville, Ky., for plaintiff-appellee.

Before KEITH and MERRITT, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

KEITH, Circuit Judge.

Defendant, Larry Edward Stead, appeals the judgment of the United States District Court for the Western District of Kentucky at Bowling Green which found him guilty of receiving, concealing and storing stolen jewelry in interstate commerce in violation of 18 U.S.C. § 2315. Stead was sentenced to ten years in the penitentiary following his plea of guilty. For the reasons set forth below, the decision of the district court is affirmed.

Larry Edward Stead, was indicted by a grand jury for violations of 18 U.S.C. §§ 2314 and 2315. The indictment charged Stead with receiving, concealing and storing stolen jewelry. Each count of the indictment carried a maximum penalty of ten years imprisonment and/or a $10,000 fine.

On March 23, 1983, defendant appeared before a United States Magistrate for arraignment. Robert A. Carraco was appointed by the court as counsel for the defendant. Stead entered a plea of not guilty to both counts of the indictment.

On April 29, 1983, the United States District Court for the Western District of Kentucky, Honorable Edward H. Johnstone presiding, ruled upon thirteen pro se motions filed by the defendant, as well as sustaining a motion by Robert A. Carraco to withdraw. The court appointed Mark H. Flener to replace Mr. Carraco.

Stead's trial was scheduled to begin on June 1, 1983. However, two days prior to the trial he escaped from the Barren County correctional facility where he was incarcerated. Stead was recaptured several hours later.

On the trial date, a plea agreement was reached between Stead and the United States. The agreement provided that Stead would plead guilty to Count 2 of the indictment and would be sentenced to a ten year term to be served consecutive to his present sentence. In return the United States would neither prosecute him on Count 1 nor on his jail escape.

Prior to the sentencing the court examined the defendant regarding his understanding of the plea and the voluntary nature of it.

Having found that the defendant was competent to plead guilty, understood his rights and was not coerced in any way, the court accepted the plea agreement. Stead then asked to be sentenced and waived a presentence report, and the court complied.

Several days following judgment in the case, Stead filed a pro se motion for clarification and/or to vacate the judgment along with a notice of appeal. On August 17, 1983, this motion was overruled, whereupon by counsel, he filed notice of appeal from the court's order.

Stead now argues that the district court judgment should be vacated because the trial judge failed to strictly comply with the requirements of Federal Rule of Criminal Procedure 11(c). According to Stead, the district court failed to inform him of his right to confront and cross-examine witnesses and his right to be free from self-incrimination. Stead also asserts that the district court failed to inform him of the nature of the charges against him as required by Rule 11(c).

We have reviewed the record and find that Stead is correct in his assertion that the district court did not advise him of his right against self-incrimination or his right to confront and cross-examine witnesses. However, these omissions by the district court are not sufficient to require us to vacate the district court's judgment.

In *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court held that trial judges must strictly adhere to the requirements of Rule 11 when accepting a guilty plea from a criminal defendant. *Id.* at 463–64, 89 S.Ct. at 1169–1170. The Court stated that Rule 11 is designed: (1) to assist the district judge in making the constitutionally required determination that a guilty plea is truly voluntary; and (2) to produce a complete record of the factors relevant to the voluntariness determination. It was further held that Rule 11 also requires the district judge to directly inquire of a defendant as to whether he understands the nature of the charge against him and is aware of the consequences of his plea. 394 U.S. at 464–467, 89 S.Ct. at 1169–1171.

In 1983, Congress enacted subdivision (h) of Rule 11. This amendment incorporates the harmless error standard of Rule 52(a) of the Federal Rules of Criminal Procedure into Rule 11. Consequently, a guilty plea entered pursuant to Rule 11 will now be reversed only where the trial court, in accepting the guilty plea, violates a substantial right of the criminal defendant. *See* Fed.R.Crim.P. 11(h) advisory committee note.

The adoption of this recent amendment to Rule 11 alters the approach this Court must now use in reviewing guilty pleas.

Prior to the enactment of Rule 11(h), this Court addressed challenges to Rule 11 guilty pleas in two ways. Where the guilty plea was the subject of a collateral attack, substantial compliance with Rule 11 was sufficient. *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *Fontaine v. United States,* 526 F.2d 514 (6th Cir.1975). Strict compliance with Rule 11 was required by this Court where the guilty plea was being reviewed on direct appeal. *See, e.g., United States v. Stanton,* 703 F.2d 974 (6th Cir.1983). Since Rule 11(h) requires reversal only where substantial rights have been affected, the substantial compliance standard will now be used by this Court on direct appeal as well as collateral attack.

■ A review of the record in this case using Rule 11(h) discloses that the district court substantially complied with requirements of that rule. Judge Johnstone made a conscientious and meticulous effort to ascertain that Stead's guilty plea was voluntary. He also sought to ensure that Stead understood the nature of the changes against him and the consequences of his guilty plea. The failure to mention the specific rights named by the defendant does not preclude a finding that Stead voluntarily and intelligently entered his guilty plea. Thus, under Rule 11(h), the district court's omission constitutes harmless error as no substantial right of the appellant has been violated.

Accordingly, the decision of the Honorable Edward H. Johnstone is affirmed.