817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David L. SMITH, Defendant-Appellant.
 No. 85-1805.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, who entered a bargained guilty plea to two out of ten counts in a superseding indictment charging conspiracy and violation of statutes prohibiting receipt and possession of firearms by convicted felons, appeals with court-appointed counsel. The defendant contends that the district court failed to comply with the requirements of Rule 11, Federal Rules of Criminal Procedure, and as a result of this failure accepted a guilty plea that was not knowingly and voluntarily made.
 
 
 2
 Admittedly, there was some confusion at the beginning of the plea proceedings between the firearm mentioned in count nine and that mentioned in count ten of the indictment. However, the defendant pled guilty to count nine, not count ten, and any references to count ten or the firearm included in count ten were harmless. The district court also used the words "receipt" and "possession" interchangeably at times during the plea proceedings, but an examination of the entire transcript discloses that the defendant did understand the charges to which he pled guilty and that the district court properly required the demonstration of a factual basis for a finding of guilt with respect to the two charges that were subjects of the guilty plea.
 
 
 3
 This court held in United States v. Stead, 746 F.2d 355, 356 (6th Cir. 1984), that with the enactment of the 1983 amendment to Rule 11, Congress adopted a harmless error standard and that since the date of the amendment "a guilty plea entered pursuant to Rule 11 will now be reversed only where the trial court, in accepting the guilty plea, violates a substantial right of the criminal defendant." Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that any error of the district court in conducting the Rule 11 proceedings did not violate a substantial right of the defendant Smith.
 
 
 4
 The judgment of the district court is affirmed.