940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Algienon TANNER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1206.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Algienon Tanner appeals from the district court's order denying his motion to vacate his sentence, filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1986, Tanner pled guilty to conspiracy to possess with intent to distribute and distribution of cocaine, and to possession with intent to distribute and distribution of cocaine. He was sentenced to two concurrent seven-year terms of imprisonment and a five-year special parole term. In support of his section 2255 motion, Tanner alleged: (1) he had ineffective assistance of counsel in that he was not informed of his right to appeal his conviction; (2) the law at the time he was sentenced did not permit a special parole term to be imposed for his offense under 21 U.S.C. Sec. 841(a)(1); (3) his guilty plea was unlawfully induced and not made voluntarily with the understanding of the charged offenses or consequences of the plea. The district court denied his motion on the merits by judgment filed January 3, 1991. On appeal, Tanner again alleges these three grounds, as well as additional grounds not presented to the district court. The movant also requests certain transcripts and appointment of counsel on appeal.
 
 
 3
 Upon review, this court concludes that the district court properly denied Tanner's motion to vacate his sentence. First, as correctly noted by the district court, there was statutory authority for the sentencing judge to impose a mandatory special parole term for Tanner's violations involving less than one kilogram of cocaine. 21 U.S.C. Sec. 841(a)(1); United States v. Blackmon, 914 F.2d 786, 788 (1990).
 
 
 4
 Secondly, the record shows that the plea procedure was fully adequate under Fed.R.Crim.P. 11, that the written plea agreement was not ambiguous, and that the claim by Tanner rests upon the alleged existence of a separate agreement not set forth in the written agreement shown to the court. Therefore, Tanner's guilty plea was knowing and voluntary and his claim does not warrant relief under section 2255. United States v. Herrera, 928 F.2d 769, 772-73 (6th Cir.1991); Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); United States v. Stead, 746 F.2d 355, 357 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985).
 
 
 5
 Third, Tanner has not shown that his attorney's actions at trial or on appeal were outside of the range of competence demanded for attorneys in criminal cases or that his counsel's ineffective performance affected the outcome of the plea process in order to be entitled to relief based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Tanner has not shown that he was prejudiced by his counsel's advice by showing that he pled guilty solely in reliance upon that advice beyond his own allegations in his pro se brief. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); United States v. Hanley, 906 F.2d 1116, 1121 (6th Cir.), cert. denied, 111 S.Ct. 357 (1990).
 
 
 6
 Based on the discussion above, Tanner is therefore not entitled to transcripts that he has requested by motion on appeal. 28 U.S.C. Sec. 753(f). Fees for transcripts furnished to persons permitted to appeal in forma pauperis shall be paid by the United States only if the trial judge or circuit judge certifies that the appeal is not frivolous, but presents a substantial question. No substantial issue appears here. Moreover, the remaining issues not presented by Tanner to the district court will not be addressed for the first time on appeal. White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 7
 Accordingly, Tanner's motions for transcripts and for appointment of counsel are denied, and the order of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.