**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark B. DeBUSK, Defendant–Appellant.**

**No. 91–6350.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 11, 1992.

Decided Sept. 29, 1992.

Jerry G. Cunningham, U.S. Atty., Knoxville, Tenn., Guy W. Blackwell, Asst. U.S. Atty. (argued), Sarah R. Shults, Asst. U.S. Atty., Greeneville, Tenn., for plaintiff-appellee.

Jerry W. Laughlin (argued), Rogers, Laughlin, Nunnally & Hood, Greeneville, Tenn., for defendant-appellant.

Before: KENNEDY and JONES, Circuit Judges; and LIVELY, Senior Circuit Judge.

LIVELY, Senior Circuit Judge.

This case involves Rule 11 of the Federal Rules of Criminal Procedure, which governs guilty pleas in federal trial courts. Section (e) of Rule 11 prescribes the procedures to be followed by the parties in making a plea agreement and notifying the court of the agreement, and by the court in accepting or rejecting the agreement.[1] Section (h) contains a harmless error provision. It states that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." The issue for decision is whether the district court's failure to advise the defendant, pursuant to Rule 11(e)(2),[2] that if the court did not accept the government's sentencing recommendation the defendant would have no right to withdraw the plea was, under the facts of this case, harmless error.

1. We are concerned with Rule 11(e)(1)–(4):

**(e) Plea Agreement Procedure.**

**(1) In General.** The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:

(A) move for dismissal of other charges; or

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

(C) agree that a specific sentence is the appropriate disposition of the case.

The court shall not participate in any such discussions.

**(2) Notice of Such Agreement.** If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in subdivision (e)(1)(A) or (C), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea.

**(3) Acceptance of a Plea Agreement.** If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

**(4) Rejection of a Plea Agreement.** If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in a guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

2. As pertinent here, Rule 11(e)(2) provides:

If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation ... the defendant nevertheless has no right to withdraw the plea.

I.

A.

The defendant, DeBusk, and a co-defendant, Frazier, were charged with conspiracy to make false entries in the records of a bank and misapply funds, and with various substantive counts of misapplication of bank funds. The indictment contained 52 counts in all. A jury acquitted the defendants on some counts, but was unable to agree on others. The district court held that the defendants could be retried upon some of the counts on which the jury had been unable to agree, but that they could not be retried on others. On appeal this court affirmed in part and reversed in part, and remanded for further proceedings. *United States v. Frazier*, 880 F.2d 878 (6th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1142, 107 L.Ed.2d 1046 (1990).

Our remand order permitted retrial on approximately 30 of the substantive felony counts. Following remand the defendants and the government conducted lengthy plea negotiations, which resulted in each defendant agreeing to plead guilty to one

misdemeanor and the government agreeing to move for dismissal of all the remaining felony counts. The written plea agreement provided, in part:

> The offense is a misdemeanor and carries a maximum penalty of one year in prison and a fine of $1,000.00. The United States agrees to recommend probation, not oppose unsupervised probation, leaving restitution to be determined by the court.

Upon re-arraignment the government tendered a superseding information charging each defendant with one misdemeanor count of misapplying bank funds (Frazier as principal and DeBusk as an aider and abettor) with a motion to dismiss the felony counts, and the parties acknowledged the plea agreement. After advising the defendants of their rights and determining that they were competent to enter pleas and understood the nature of the charge, the court turned to the plea agreement, and the following colloquy occurred:

> THE COURT: I WILL STATE FOR THE RECORD THE COURT WILL REVIEW THE PLEA AGREEMENT AND ADVISE COUNSEL FOR BOTH DEFENDANTS AND THE DEFENDANTS I'LL TAKE THE MATTER UNDER ADVISEMENT. IF I REJECT THE PLEA AGREEMENT, YOU'LL BOTH BE SO ADVISED IN OPEN COURT AND YOU'LL BE PERMITTED TO WITHDRAW YOUR GUILTY PLEA AND PROCEED OTHERWISE. YOU ALL UNDERSTAND THAT?
>
> MR. DEBUSK: YES.
>
> MR. FRAZIER: YES.
>
> \* \* \* \* \* \*
>
> THE COURT: OKAY. LET'S SEE HERE, ALL RIGHT. NOW, MR. FRAZIER, YOU UNDERSTAND THE MAXIMUM PENALTY YOU CAN RECEIVE IS ONE YEAR IMPRISONMENT OR A $1,000 FINE OR BOTH, YOU UNDERSTAND THAT?
>
> MR. FRAZIER: YES.
>
> THE COURT: WHETHER YOU'RE GUILTY OR NOT.
>
> MR. FRAZIER: YES.

> THE COURT: BY PLEADING GUILTY YOU'RE SUBJECTING YOURSELF TO THAT, YOU UNDERSTAND?
>
> MR. FRAZIER: YES.
>
> \* \* \* \* \* \*
>
> THE COURT: AND, MR. DEBUSK, THE SAME FOR YOU, YOU UNDERSTAND THE MAXIMUM PENALTY YOU MIGHT GET IS ONE YEAR IN PRISON OR A $1,000 FINE OR BOTH, DO YOU UNDERSTAND THAT?
>
> MR. DEBUSK: YES, SIR.
>
> THE COURT: AND AS TO THE PLEA AGREEMENT THAT EACH OF YOU SIGNED, AMONG, AMONG THE PLEA AGREEMENT IS THAT THE GOVERNMENT IS GOING TO RECOMMEND THAT YOU BOTH BE PUT ON PROBATION AND IT CAN BE UNSUPERVISED IF THE COURT SEES FIT. BOTH OF YOU UNDERSTAND—DO YOU UNDERSTAND, MR. FRAZIER, THAT THAT'S THE RECOMMENDATION BY THE GOVERNMENT AND THAT THE COURT MAY OR MAY NOT ACCEPT IT?
>
> MR. FRAZIER: YES, SIR.
>
> THE COURT: AND YOU'RE EXPOSING YOURSELF TO A ONE YEAR TERM OF IMPRISONMENT OR $1,000 FINE?
>
> MR. FRAZIER: YES, YOUR HONOR.
>
> THE COURT: AND, MR. DEBUSK, YOU UNDERSTAND THE SAME THING?
>
> MR. DEBUSK: YES, YOUR HONOR.
>
> THE COURT: THAT YOU'RE EXPOSING YOURSELF TO A ONE YEAR PRISON TERM OR A $1,000 FINE?
>
> MR. DEBUSK: YES, SIR, YOUR HONOR.

The court then stated that it accepted the plea agreement and proceeded to pronounce sentences, the parties having waived presentence reports. The court sentenced each defendant to one year's imprisonment and a fine of $1,000, but probated the prison sentence of Frazier while requiring DeBusk to serve his sentence. The judge stated that he had considered the government's recommendation of probation, but rejected it in DeBusk's case

because he considered him more culpable than Frazier.

DeBusk's attorney immediately objected stating, "that was a part of the plea agreement which I understood the court to say that if you did not accept the plea agreement that we would have a right to withdraw our plea." The judge responded that he had accepted the plea agreement, but had rejected the recommendation, and pointed out that he had advised both defendants that the plea agreement required the government to recommend probation, that the government had recommended it, but the court did not agree with respect to DeBusk.

Counsel for DeBusk then made a motion to withdraw the guilty plea. The attorney stated that he understood that the "argument with the court" would be between unsupervised and supervised probation, and that he had so advised his client. The attorney said that he relied on a "course of conduct" over many years, that the court accepted the U.S. Attorney's recommendations.

Although he stated that he would deny the motion to withdraw the guilty plea, the judge did "withdraw" the sentence and order the probation officer to prepare a presentence report. Following entry of an order denying the oral motion DeBusk's attorney withdrew from the case with the court's permission. The defendant's new attorney filed a motion for reconsideration.

In that motion the attorney argued that although the plea agreement recited that it was made pursuant to Rule 11(e)(1)(C), which applies when the parties agree to a specific sentence, it was actually made under Rule 11(e)(1)(B), which applies when the agreement requires the government to recommend a sentence. Because the agreement contained only a recommendation, counsel maintained that Rule 11(e)(2) required the court to advise the defendant that if the court did not accept the recommendation the defendant could not withdraw the plea. Pointing out that the district judge did not give DeBusk this advice, counsel asserted that if DeBusk had been so advised he would have withdrawn his plea before it was accepted by the court.

### B.

The district court conducted an evidentiary hearing on the motion for reconsideration. DeBusk's former attorney testified that the plea agreement was drawn up under Rule 11(e)(1)(C) to indicate that probation was specifically agreed to even though the agreement provided only that it would be recommended. Thus, he had advised DeBusk that DeBusk would be able to withdraw his plea if the judge did not probate his sentence. The attorney testified that he had requested guaranteed probation, and that the assistant United States Attorney knew this was the only condition under which DeBusk would enter a guilty plea. According to the witness, the government attorney indicated that the sentencing judge did not like to be told what sentence to impose and the plea agreement referred to Rule 11(e)(1)(C) to indicate that probation was part of the agreement, while using "recommend" to avoid offending the judge.

The court questioned the witness and pointed out that the government, by recommending probation and offering to dismiss the remaining felony counts, had done everything required of it by the plea agreement. The court also noted inconsistencies between the attorney's testimony at this hearing and his explanation immediately after sentencing when he had told the court that his advice to DeBusk was based on a course of conduct over many years.

DeBusk then testified that he understood from his attorney he would be permitted to withdraw his plea if the court did not accept the recommendation for probation. Although he was familiar with the wording of the plea agreement and remembered the court's statements during the colloquy prior to sentencing, he based his understanding strictly on what his attorney had told him.

The assistant United States Attorney contradicted DeBusk's attorney's testimony in every important detail, except agreeing that the defendant's lawyer had asked

for a specific agreement on probation. The witness testified that he told DeBusk's attorney that would be impossible, and that he had never promised that DeBusk would receive a probated sentence. He also testified that he never told the attorney that the reference to Rule 11(e)(1)(C) guaranteed probation or that he would be given an opportunity to withdraw his plea if the recommendation for probation were not accepted. The government attorney further testified that the only discussion about withdrawing the plea related to the situation if the court should refuse to agree to dismissal of the remaining felony counts. DeBusk's attorney did not cross-examine the assistant United States Attorney.

The district court denied the motion for reconsideration. The court found that the plea agreement actually reflected a plea under Rule 11(e)(1)(A) and (B) and that, accordingly he should have given the admonition required by Rule 11(e)(2). Nevertheless, the court found that this failure did not affect DeBusk's "substantial rights," and that he entered the plea voluntarily and knowingly "with a full understanding of the direct consequences of the plea." The court reimposed the one year unprobated sentence and DeBusk appealed from denial of his motion to withdraw the guilty plea.

## II.

### A.

In *United States v. Stanton,* 703 F.2d 974 (6th Cir.1983), this court reversed a district court's denial of a motion to withdraw a guilty plea because the judge had failed to advise the defendant that he had no right to withdraw a "type (B)" plea if the court failed to accept a sentencing recommendation. We reaffirmed this court's consistent holding that a sentencing judge must comply strictly with the requirements of Rule 11 and noted the Supreme Court's holding in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), that "a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adher-

ing to the procedure provided for in Rule 11." *Id.* at 463–64, 89 S.Ct. at 1169.

*Stanton* was decided on April 5, 1983, nearly four months before the effective date of the amendment that added section (h) to Rule 11. Thus, the *Stanton* court made no harmless error analysis. We held in *United States v. Stead,* 746 F.2d 355, 356 (6th Cir.1984), *cert. denied,* 470 U.S. 1030, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985), that the adoption of section (h) "alters the approach this Court must now use in reviewing guilty pleas." The 1983 amendment does not define harmless error, but we concluded in *Stead* that "substantial compliance" with Rule 11 is sufficient to affirm a conviction and sentence under a guilty plea, whether the sentence is being challenged on direct appeal or by collateral attack under 28 U.S.C. § 2255. *Id.* at 357.

### B.

DeBusk relies principally upon two cases in arguing for reversal. They are *United States v. Iaquinta,* 719 F.2d 83 (4th Cir. 1983), and *United States v. Theron,* 849 F.2d 477 (10th Cir.1988). In both cases the sentencing judge, as in the present case, advised the defendant before sentencing that he was not bound by a sentencing recommendation but could impose a sentence up to the statutory maximum as recited by the court. In both cases the judge rejected the sentencing recommendation, but never advised the defendant as required by Rule 11(e)(2). And in both cases the court of appeals reversed and remanded to give the defendant an opportunity to withdraw his guilty plea and plead anew.

The government responds that both *Iaquinta* and *Theron* can be distinguished. *Iaquinta* was argued prior to the effective date of section (h) and was decided just two months after that date. The opinion did not mention harmless error and followed a decision of the Court of Appeals for the Eighth Circuit that was also decided before section (h) was added to Rule 11. See *United States v. Missouri Valley Constr. Co.,* 704 F.2d 1026 (8th Cir.1983). In *Theron* the court discussed harmless error, but decided that failure to admonish the defen-

dant under Rule 11(e)(2) was not harmless error under the circumstances of that case. The government contends that the record shows that Theron, who was not an American citizen, was confused as to the meaning of his right to withdraw his plea in the event the court failed to accept the plea agreement. Furthermore, Theron moved to withdraw his plea before he was sentenced, not, like DeBusk, after the court had imposed a sentence that failed to follow the government's recommendation. The *Theron* court was impressed by the defendant's argument that the timing of his motion supported the contention that he was "confused by the nature of the plea agreement rather than merely disappointed by the outcome of his sentencing." 849 F.2d at 481.

### III.

The courts of appeals are divided on the proper approach to a harmless error argument in cases where the district court fails to follow the command of Rule 11(e)(2). As we have indicated, the Court of Appeals for the Tenth Circuit requires a remand if the record indicates confusion on the part of a defendant as to his rights in the event the court rejects a sentencing recommendation. The court stated in *Theron* that a judge's advice that he is not bound by the government's recommendation is not enough to render omission of the Rule 11(e)(2) warning harmless. The court stated:

> The proposition that the court is not bound by the Government's recommendations is distinct from the proposition that the defendant is bound if the court chooses not to follow the recommendation. Informing the defendant of the former does not relieve the court of its responsibility to inform him of the latter. (citations omitted).

*Theron*, 849 F.2d at 481.

The Court of Appeals for the Ninth Circuit adopted the same approach in *United States v. Graibe*, 946 F.2d 1428 (9th Cir. 1991). The court stated that the principal question in a case such as this is whether the court's failure to give the required Rule 11(e)(2) advice "affects substantial rights."

*Id.* at 1431. Referring to the Notes of the Advisory Committee, the court concluded that "[t]he harmless error clause of Rule 11 requires courts to uphold guilty pleas when there has been only a *minor* or *technical* violation of Rule 11." (italics in original). *Id.* at 1433. The failure "might be harmless if the record showed that the defendant actually knew that he would be bound by his plea regardless of the length of the sentence the district judge decided to impose." *Id.* In agreement with the *Theron* court, the court in *Graibe* held that a district judge's advising a defendant that the court is not bound by a sentencing recommendation is not sufficient to render harmless the court's failure to give the Rule 11(e)(2) admonition.

Reaffirming its "standard of strict adherence to Rule 11," the Court of Appeals for the Second Circuit concluded in *United States v. Ferrara*, 954 F.2d 103, 107 (2d Cir.1992), that a district court's failure to give the Rule 11(e)(2) warning was not harmless error. The court explained the reasons for requiring the Rule 11(e)(2) advice to a pleading defendant:

> One of the reasons for giving the Rule 11(e)(2) warning is to disabuse a defendant of whatever mistaken notions the defendant's lawyer has conveyed to the defendant in a plea bargaining situation. See *United States v. Gonzalez*, 820 F.2d 575, 579 (2d Cir.1987). Giving the Rule 11(e)(2) warning, moreover, ensures that a defendant has had a specific opportunity to withdraw a guilty plea when the defendant is informed that the agreement with the government is not binding upon the court.

*Id.* at 107. Agreeing that there might be cases in which a failure to comply with Rule 11(e)(2) would constitute harmless error, the court found the error prejudicial in Ferrara's case "in view of the apparent misunderstandings and confusion...." *Id.* at 108.

In *United States v. de le Puente*, 755 F.2d 313 (3d Cir.), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985), the court found the failure to advise a defendant who pled guilty under subdivi-

sion (e)(1)(B) of Rule 11 that he would not be permitted to withdraw his plea if the court rejected the government's sentencing recommendation to be harmless. After setting forth the colloquy that occurred before the court accepted de le Puente's guilty plea, the court stated:

> The Rule 11 colloquy was adequate in all other respects. All the admonitions required by Rule 11(c) were delivered. The court made the inquiry into voluntariness required by Rule 4(d). The terms of the plea agreement were accurately set forth on the record. In these circumstances we believe that the omission of the statement required by Rule 11(e)(2) must be deemed harmless error unless there is some realistic likelihood that de le Puente labored under the misapprehension that his plea could be withdrawn. There is no such likelihood, in view of the extensive advice which he was given pursuant to Rule 11(c).

*Id.* at 315.

*United States v. Thibodeaux*, 811 F.2d 847 (5th Cir.), *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3236, 97 L.Ed.2d 741 (1987), was another involving a "type B" plea in which the district court complied with all Rule 11 requirements except that of Rule 11(e)(2). The court found this omission to be harmless error in view of the fact that

> Thibodeaux does not contend that he was under the impression that he could withdraw his plea if the judge did not follow the government's recommendation. Nor does he allege that he would have withdrawn his plea had the district judge given the Rule 11(e)(2) warning.

*Id.* at 848. The court adopted the *de le Puente* test: Omission of the Rule 11(e)(2) warning is harmless error absent "some realistic likelihood that [the appellant] labored under the misapprehension that his plea could be withdrawn." *Id.*

## IV.

### A.

We determined in *United States v. Stead*, supra, that after the addition of section (h) "substantial compliance" rather than "strict compliance" with its provisions is sufficient to satisfy Rule 11's requirements. In *United States v. Syal*, 963 F.2d 900 (6th Cir.1992), we made clear, however, that the substantial compliance standard demands that a variance from Rule 11's requirements "not affect substantial rights." *Id.* at 904. In *Syal* we found no indication in the record that the defendant knew the full consequences of his guilty plea. This resulted from the district court's failure to advise the defendant that a sentence for the offense to which he pled guilty was required to include a period of supervised release. The court found that the district court's failure to so advise the defendant affected his substantial rights, and it vacated the guilty plea. *Id.* at 906–07.

The court in *United States v. Bernal*, 861 F.2d 434 (5th Cir.1988), *cert. denied*, 493 U.S. 872, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989), approached harmless error under Rule 11 in terms of the "core concerns" of the rule. The concerns were described in the form of the following questions: "Was the plea coerced? Does the accused understand the nature of the charges? And does the accused understand the consequences of the plea?" *Id.* at 436. The court concluded that an "entire failure" to address one of these concerns requires reversal. On the other hand it noted, "if the core concerns are met, an 'inadequate address' or less than 'letter perfect' compliance with Rule 11 may be excused under a harmless error analysis." *Id.*

### B.

■ We conclude that the district court's failure to give the Rule 11(e)(2) warning in this case was not harmless error. The record indicates considerable confusion, which could have misled DeBusk concerning the consequences of his plea. The attorneys mislabeled the agreement as one based on subdivision (e)(1)(C), although it clearly embodied a plea under subdivisions (e)(1)(A) and (B). DeBusk and his attorney both testified that they understood that DeBusk would be given a probated sentence and that if the district court did not

accept the government's probation recommendation the defendant would be given an opportunity to withdraw his guilty plea.

We agree with the courts which have held that telling a defendant the court is not bound by a sentencing recommendation is not enough. This is particularly so, when as here, the court has just informed the defendant in compliance with Rule 11(e)(4) that the court may reject the plea agreement, in which case the defendant will be given an opportunity to withdraw the plea. The record indicates that DeBusk thought of the plea agreement as a unitary compact which the court was required to accept or reject *in toto*. Neither the statement that the court was not bound by the government's recommendation nor the recitation of the statutory maximum penalty for the offense was made in such a way as to bring home to the defendant that the agreement was severable and that there would be no right to withdraw the plea if the court accepted the remaining elements of the agreement but rejected the sentencing recommendation.

If the court had given the Rule 11(e)(2) warning it would have ensured that DeBusk had "a specific opportunity" to withdraw the plea when informed that the agreement for a recommended sentence was not binding on the court. *Ferrara*, 954 F.2d at 107. This "substantial right" was affected by the district court's omission. The Note of Advisory Committee to the 1983 amendment stated that "it is fair to say that the kinds of Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited." We do not believe the total failure to give the required Rule 11(e)(2) warning under the circumstances revealed by the record in the present case brings it within that "fairly limited" category.

The conviction and sentence are vacated and the case is remanded with instructions that DeBusk be given the opportunity to withdraw his plea of guilty and plead anew.

KENNEDY, Circuit Judge, dissenting.

I agree with the majority that the "core concerns" of Rule 11 are whether the plea was coerced, whether the accused understood the nature of the charges, and whether the accused understood the consequences of the plea. I disagree with the majority's conclusion that the "core concerns" were not met by the plea here.

Defendant apparently challenges the last of these concerns, claiming that he did not understand the consequences of his plea. He testified that his lawyer told him he would get a probationary sentence. He admits that the judge specifically told him that he could receive up to a year in jail and that the judge was not bound to accept the government's recommendation of probation. Defendant testified that despite this statement from the judge, he believed that the plea agreement required a probationary sentence. He believed his lawyer over the judge. He was told by the judge that he could withdraw his plea if the plea agreement was not accepted. The plea agreement he thought he had for probation was not accepted. Therefore, he should be able to withdraw his plea.

The District Court found that it had told defendant the plea agreement was only for a recommended sentence and the judge could impose jail time up to a year. The judge told defendant what would occur if he did not accept the agreement, namely that the plea could be withdrawn. Although he failed to tell defendant that if the judge accepted the plea agreement the plea could not be withdrawn, the failure to include that advice seems to me harmless. The judge had stated the circumstances under which the plea could be withdrawn. An educated, experienced businessman like defendant should understand that in all other circumstances there was no right to withdraw the plea.

The real problem with the plea here is that defendant's lawyer told defendant that he would get a probationary sentence. The lawyer thought that the court always followed the recommendation of the government for probation, and that the only question would be whether the probation would be supervised or unsupervised. The judge told both defendant and his lawyer that whether to grant probation was up to the

judge and only the judge. Both chose to disregard the judge's admonition. That does not entitle defendant to set aside his plea. The judge clearly advised defendant of the judge's discretion to impose a jail sentence. Defendant was aware he could be sentenced to imprisonment if he pled guilty.

As the Second Circuit pointed out in *United States v. Sweeney,* 878 F.2d 68 (2d Cir.1989) (per curiam):

> Defendants may not plead guilty in order to test whether they will get an acceptably, lenient sentence. Society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas "undermines confidence in the integrity of our [judicial] procedures ..., increas[es] the volume of judicial work, [and] delays and impairs the orderly administration of justice."

*Id.* at 70 (quoting *United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979)). The District Court's error in failing to advise defendant that he could not withdraw his plea once it was accepted, did not affect his substantial rights and should be disregarded.

I would affirm the District Court's order denying defendant's motion to withdraw his guilty plea.