986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary HERAUD, Defendant-Appellant.
 No. 92-1986.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1993.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and EDGAR, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-Appellant, Gary A. Heraud, appeals the issues of whether the district court: (1) erroneously failed to comply with Fed.R.Crim.P. 11(d); and (2) abused its discretion in refusing to permit Heraud to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d). For the reasons set out here, we AFFIRM the district court.
 
 I. FACTS AND PROCEDURE
 
 2
 Heraud was indicted on one count for failure to file an income tax return, in violation of 26 U.S.C. § 7203, and two counts of income tax evasion, in violation of 26 U.S.C. § 7201. After the jury was selected and the government had presented one day of evidence, Heraud entered into a plea agreement ("agreement") with the government. The agreement provided that Heraud would: (1) plead guilty to one count of tax evasion and the government would dismiss the remaining counts; (2) pay $15,524 in taxes; and (3) be sentenced to not more than one year and one day with a fine up to $250,000.
 
 
 3
 On February 21, 1992, before accepting the plea, the district court made a statement on the record regarding an unrecorded discussion with both parties' attorneys in chambers on the previous day concerning a possible plea agreement:
 
 
 4
 ... and they wanted to know ... what my feelings were--and I think it's fair to disclose--and if either attorney has a problem with it--I did have a discussion with them in chambers and indicated to them I couldn't tell them what the sentence would be, but I certainly treated income taxes much different than I do drug cases, or much different than I do gun cases. Those I think deserve very severe penalties. And in this case I would treat it on its own merits and take a look at it. It wasn't, in my estimation, the same category as a drug case, or gun case, or something of that nature.
 
 
 5
 I think it's only fair to disclose to both of you that at this point I don't know what the sentence will be, but I will look at it in relation to what I perceive it to be; do you understand that?
 
 
 6
 No objection was made to the court's description of the unrecorded discussion.
 
 
 7
 At the sentencing hearing on July 8, 1992, a dispute arose as to whether the court previously promised Heraud a non-custodial sentence. Counsel reminded the court of the discussion which had occurred in chambers over four months earlier, stating:
 
 
 8
 COUNSEL: [For Augusto Heraud] And I'm sure you will also recall that you had a conference in your chambers with all counsel and before we entered our plea.
 
 
 9
 THE COURT: I don't remember that, so refresh my memory.
 
 
 10
 COUNSEL: At any rate, there was a conference with myself, Mr. Lustig [Heraud's counsel], and Mr. Jones before we entered our plea.
 
 
 11
 Obviously the Court did not give us any firm commitment whatsoever as to what its final disposition would be with respect to the matter, but you did indicate for us what your general philosophy is with respect to cases of this type.
 
 
 12
 And I think that based upon that, Your Honor, as well as what the underlying facts were, we tendered our guilty pleas.
 
 
 13
 And I think in reviewing the report--
 
 
 14
 THE COURT: I know what my general philosophies are. What did I lead you to believe that sentence would be?
 
 
 15
 COUNSEL: Well, we were--quite frankly, we were led to believe that a probationary sentence with these Defendants, both Defendants, with respect to their background and with respect to what the charged conduct was, that a probationary sentence could be what we could expect.
 
 
 16
 Now, I realize--
 
 
 17
 THE COURT: If I led you to believe that, as you say, at the time, now that you say it, I don't remember what we talked about.
 
 
 18
 I do know my philosophy on these cases and they're always hard cases.
 
 
 19
 If that was the impression that I led you to believe, then it probably is not going to happen and I would let you withdraw your plea.
 
 
 20
 At the close of the hearing, the court granted Heraud one week to determine whether he wished to proceed with sentencing or to set aside his guilty plea. At the July 16, 1992, hearing, Judge Friedman stated that he had been advised that Heraud wished to withdraw his plea. However, after reviewing the February plea proceeding transcript, he recalled that no promises were made about the sentences to be imposed, though he had indicated generally that he viewed tax cases as less serious than drug or gun cases. Judge Friedman stated that he had given the impression earlier that he was prepared to permit Heraud to withdraw his plea, but explained that his recollection was not clear at the time and that he had confused the Heraud case with another case. When defense counsel insisted that the court had promised to allow his client to withdraw his plea, the court responded that it was confused and that it had depended on counsel to refresh his memory, but instead felt that it had been misled, stating "[a]nd Mr. Lustig, very frankly, you told me what I believe to be an incorrect statement."
 
 
 21
 Heraud moved to withdraw the guilty plea and the government objected. The motion to withdraw the plea was accompanied by counsel's affidavit that the court in chambers "did not indicate that it would give probation ... but would be some type of work release." On August 4, 1992, the district court denied Heraud's motion to set aside his guilty plea, stating that after reading the initial transcript, "its recollection [wa]s substantially different than that which was perceived by the defense in this particular matter." Thus, it concluded that Heraud's plea had been entered voluntarily and there was no reason to allow him to withdraw it. Heraud was sentenced to a split sentence of: (1) one year in custody, with all but the first six months suspended; (2) four and one-half years of probation; and (3) a $5,000 fine. The court recommended that the six-month custodial term be served in a community treatment center for employment purposes, which is the same type of sentence Heraud expected, according to the affidavit filed by defense counsel in support of the motion to withdraw the guilty plea.
 
 II. ISSUES RAISED
 
 22
 A. COMPLIANCE WITH FED.R.CRIM.P. 11.
 
 
 23
 The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney.
 
 
 24
 Fed.R.Crim.P. 11(d).
 
 
 25
 "[T]he governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law." Marshall v. Lonberger, 459 U.S. 422, 431 (1983). Voluntariness can be determined "only by considering all of the relevant circumstances" surrounding the plea. Brady v. United States, 397 U.S. 742, 749 (1970). A guilty plea is valid unless it has been induced by threats, misrepresentation or unfulfilled promises. Id. at 755.
 
 
 26
 The government has conceded that the district court failed to elicit an oral response from Heraud as to whether there were promises made outside of the agreement. However, Rule 11 requires "substantial" compliance rather than "strict" compliance. United States v. DeBusk, 976 F.2d 300, 306 (6th Cir.1992).
 
 
 27
 Harmless Error. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.
 
 
 28
 Fed.R.Crim.P. 11(h).
 
 
 29
 The district court's technical error in failing to comply with Rule 11 was harmless, as: (1) the agreement provided that it was "the complete understanding between the parties and no other promises have been made by the government to the defendant or to the attorney for the defendant"; (2) Heraud acknowledged in open court that he had read, understood, and agreed to the agreement's terms; (3) Heraud's attorney acknowledged on the record that the agreement required a maximum term of one year and one day; and (4) the court required Heraud to personally complete and sign a "Guilty Plea Questionnaire" prior to taking the plea.[1]
 
 
 30
 Even though the court did not specifically inquire in open court whether Heraud's guilty plea was voluntary, it substantially complied with Rule 11 by using the Guilty Plea Questionnaire that the plea was given freely, understandingly, and voluntarily. See DeBusk, 976 F.2d at 306. Accordingly, the court committed harmless error in failing to comply with Rule 11.
 
 
 31
 B. REFUSAL TO PERMIT HERAUD TO WITHDRAW HIS GUILTY PLEA.
 
 
 32
 If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.
 
 
 33
 Fed.R.Crim.P. 32(d).
 
 
 34
 The district court has broad discretion to permit withdrawal of a guilty plea prior to sentencing. United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990). "[T]he district court may consider the circumstances underlying the entry of the guilty plea, the nature and background of the defendant, and whether the defendant has admitted guilt." United States v. Spencer, 836 F.2d 236, 239-40 (6th Cir.1987) (citing United States v. Saft, 558 F.2d 1073 (2d Cir.1977); United States v. Bradin, 535 F.2d 1039 (8th Cir.1976)). "[A]lthough the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal, the district court may consider potential prejudice in exercising its discretion in considering the motion." Id. at 240. An attorney's inaccurate prediction about a sentence does not ordinarily provide a " 'fair and just' reason to allow withdrawal of a guilty plea." Stephens, 906 F.2d at 253.
 
 
 35
 When Heraud's attorney filed an affidavit stating his recollection of the pre-plea agreement discussions, the court did not state that it promised probation to Heraud. Instead, it stated: "[t]he court at that time did not indicate that it would give probation, but only that the most the Court would give if the Defendant were to plead to such a violation would be some type of work release." Heraud got what counsel expected, a work release, probation and fine, so there could have been no confusion about the sentence.
 
 
 36
 The district court did not abuse its discretion in denying Heraud's motion to withdraw his plea, as Heraud: (1) did not enter a guilty plea until after a jury had been selected, the government had made its opening statement, and one day of testimony had been completed; (2) has not consistently maintained his innocence; (3) admitted that he did not report his taxable income, knew the income was taxable and set up a separate corporation to hide it, and wilfully failed to reveal the facts to his lawyer when he filed amended returns; (4) is a college-educated, sophisticated businessman whose responses at the plea hearing clearly indicate that he understood the nature of the crime and the voluntariness of the plea; and (5) was sentenced to no more than expected.
 
 
 37
 AFFIRMED.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The questionnaire included the following:
 
 
 [26]
 Does your willingness to tender a guilty plea to this Court result from prior negotiations between you or your attorney and the attorney for the United States Government which brought about the formation of an agreement pursuant to Federal Rule of Criminal Procedure Eleven (Rule 11 Agreement)? Yes
 
 
 [29]
 Do you fully understand the nature and content of the Rule 11 Agreement? Yes
 
 
 [36]
 Is your plea of guilty freely, understandingly, and voluntarily made by you? Yes
 
 
 [37]
 Have you been induced or persuaded to tender this plea of guilt as the result of the representation by anyone that the Court would treat you with greater leniency if you pled guilty than if you did not tender a plea of guilt? No
 
 
 [38]
 Have you been induced or persuaded to tender this plea of guilt because of any promise, threat, undue influence, and/or duress? No
 
 
 [44]
 Are you pleading guilty because you believe that it is in your best interest? Yes
 
 
 [45]
 Are you pleading guilty because you are guilty? Yes
 
 
 [46]
 Have you thoroughly understood all of the questions that have been asked of you in this questionnaire? Yes