**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose GONZALEZ–RAMIREZ,**
**Defendant–Appellant.**

**No. 01–6078.**

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 2003.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS,* District Judge.

* Honorable Edmund A. Sargus, Jr., United    States District Judge for the Southern District

KENNEDY, Circuit Judge.

In his direct appeal of his conviction, Defendant–Appellant Jose Gonzalez–Ramirez (Gonzalez–Ramirez) challenges the validity of his guilty plea under Rule 11 of the Federal Rules of Criminal Procedure. Concluding that the district court's failure to advise Gonzalez–Ramirez of his right to persist in his not guilty plea prior to accepting his change of plea is harmless error, we affirm his conviction and the imposition of an enhanced sentence based on Gonzalez–Ramirez's prior aggravated felony conviction.

### I.

On July 13, 2000, Gonzalez–Ramirez, an alien who has been previously deported from the United States, was indicted by a federal Grand Jury and charged with being unlawfully found in the United States in violation of 8 U.S.C. § 1326. The indictment recited that the maximum penalty was not more than twenty years imprisonment, followed by not more than three years of supervised release, and not more than a $250,000 fine. Gonzalez–Ramirez entered a not guilty plea at his February 28, 2001 arraignment hearing. On March 21, 2001, the United States notified Gonzalez–Ramirez that it would seek a sentencing enhancement because Gonzalez–Ramirez had been previously convicted of committing an aggravated felony. On May 2, 2001, Gonzalez–Ramirez changed his plea to guilty as charged in the indictment. On August 24, 2001, the district court found that Gonzalez–Ramirez had been previously convicted of an aggravated felony and that Gonzalez–Ramirez was eligible for a sentence enhancement. The district court then sentenced Gonzalez–Ramirez to 96 months imprisonment followed by three years of supervised release.

of Ohio, sitting by designation.

### II.

Gonzalez–Ramirez raises two arguments on appeal. First, he attacks the validity of his guilty plea under Rule 11 of the Federal Rules of Criminal Procedure based on the district court's failure to advise him of his Fifth Amendment privilege against self-incrimination when the court did not inform Gonzalez–Ramirez that he had the right to persist in his not guilty plea. Second, he claims that the district court erred when it imposed an enhanced sentence based on Gonzalez–Ramirez's prior aggravated felony conviction because the indictment charging Gonzalez–Ramirez did not allege that conviction.

Gonzalez–Ramirez claims that because the district court failed to advise him of his right to persist in his not guilty plea at the change of plea hearing, we should vacate his sentence and remand his case for resentencing. A guilty plea entered pursuant to Rule 11 of the Federal Rules of Criminal Procedure will be reversed only where the district court, in accepting a guilty plea, violates a substantial right of the criminal defendant. *United States v. Stead,* 746 F.2d 355, 356 (6th Cir.1984) (noting that Rule 11(h) incorporates the harmless error standard of Rule 52(a) of the Federal Rules of Criminal Procedure). "A technical failure to comply with Rule 11 does not require vacation of a plea and opportunity for a new plea." *United States v. Syal,* 963 F.2d 900, 904 (6th Cir.1992). When determining whether a district court committed harmless error under Rule 11, we consider whether the plea colloquy at issue satisfied the Rule's "core concerns." *United States v. DeBusk,* 976 F.2d 300, 306 (6th Cir.1992). These concerns are: "Was the plea coerced? Does the accused understand

the nature of the charges? And does the accused understand the consequences of the plea?" *Id.* An entire failure to address one of these concerns requires reversal, whereas an inadequate address or less than letter perfect compliance with Rule 11 may be excused under a harmless error analysis provided that the core concerns are met. *Id.*

This Court previously considered the issue raised by Gonzalez–Ramirez in *United States v. Stead.* The *Stead* court considered whether a district court's failure to advise the defendant of his right against self-incrimination and his right to confront and cross-examine witnesses invalidated his guilty plea. 746 F.2d at 357. Though the record revealed that the district court had not advised the defendant of his rights, the court found that the district court's failure to explain these specific rights did not preclude a finding that the defendant voluntarily and intelligently entered his guilty plea because the court had made a "conscientious and meticulous effort" to determine the voluntariness of the defendant's guilty plea, and sought to ensure that the defendant understood the nature of the charges against him and the consequences of his guilty plea. *Id.*

After reviewing the record in this case, we find that Gonzalez–Ramirez is correct in his assertion that the district court did not explicitly advise him of his right to persist in his not guilty plea. The district court's failure to do so, however, does not require us to vacate Gonzalez–Ramirez's sentence because the record makes clear that Gonzalez–Ramirez knew he had the right to persist in his not guilty plea and understood the consequences of his plea change. When the district court asked whether Gonzalez–Ramirez wanted to go forward with his plea change or whether he wanted to proceed to trial in May and Gonzalez–Ramirez indicated that he did

not understand the choice presented by the court, the court instructed defense counsel to confer with Gonzalez–Ramirez so that he could intelligently respond to the court. After conferring with Gonzalez–Ramirez, defense counsel stated that Gonzalez–Ramirez had asked "a number of questions," that defense counsel had gone "over the ground again," and reported that Gonzalez–Ramirez understood that "he must make a choice." Though defense counsel reported that Gonzalez–Ramirez was "reluctant to make a choice," he instructed counsel to enter his plea change. The court then asked Gonzalez–Ramirez directly whether defense counsel had accurately represented his decision, to which he responded "Yes." Based on this record, we conclude that the district court's less than letter perfect compliance with Rule 11 is excused as harmless error because the district court had reason to believe that Gonzalez–Ramirez understood that he had the right to persist in his not guilty plea and that he was seriously considering persisting in it. Therefore, the third core concern of Rule 11 was satisfied.

This conclusion is in accord with a recent decision of the Eleventh Circuit. In *United States v. Hernandez–Fraire*, the court considered whether the district court violated Rule 11 by not explicitly informing the defendant of his right to plead not guilty, as well as his right to the assistance of counsel at trial, his right to confront and cross-examine adverse witnesses at trial, and his right against compelled self-incrimination. 208 F.3d 945, 950 (11th Cir. 2000). The United States argued that the district court implicitly advised the defendant of these rights and thereby satisfied the third core concern of Rule 11 when it told the defendant that he waived his right to a jury trial when he pled guilty because the omitted rights are inherent in the right to a jury trial and the defendant understood that those rights were inherent in

the right to a jury trial due to his extensive criminal history. *Id.* While the Eleventh Circuit refused to infer that a defendant knows and understands the omitted rights based on the defendant's criminal background, the court concluded that the district court's failure to advise the defendant of his rights as required by Rule 11 was excusable if the record indicated that the defendant was actually aware of the omitted rights. *Id.* at 951. As discussed above, the record here indicates that Gonzalez–Ramirez was aware that he had the right to persist in his not guilty plea and, therefore, the failure to advise him of that right is excusable as harmless error.

In contrast to this case, the *Hernandez–Fraire* court's examination of the record revealed that the defendant did not understand his rights. The court pointed out that after the district court asked "Has anybody threatened you in any way to get you to enter this plea?," Hernandez–Fraire responded "I really don't know about this plea, because I don't know what my rights are." *Id.* Based on Hernandez–Fraire's response, the appeals court concluded that the district court should have ensured that Hernandez–Fraire was aware of his rights. *Id.* In this case, the district court instructed defense counsel to confer with Gonzalez–Ramirez after he indicated to the court that he did not understand his rights. Thus, the district court ensured that Gonzalez–Ramirez was aware of his right to persist in his not guilty plea before going on with the change of plea hearing.

Gonzalez–Ramirez next claims that the district court erred when it imposed an enhanced sentence based on his prior aggravated felony conviction because the indictment charging Gonzalez–Ramirez did not allege that conviction. Federal law imposes a penalty of two years imprisonment for an alien's illegal re-entry into the United States after having been deported.

8 U.S.C. § 1326(a) (2001). The penalty is increased to twenty years if the illegal re-entry was subsequent to the commission of an aggravated felony. § 1326(b)(2). Whether the Constitution requires that specific conduct be alleged in an indictment depends on whether the conduct is considered an element of the offense or a sentencing factor. *United States v. Ramirez,* 242 F.3d 348, 349 (6th Cir.2001). As a general rule, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be charged in an indictment and must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi v. New Jersey,* 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). An exception to this general rule is the fact of a prior conviction, which need not be charged in an indictment or submitted to a jury and proven beyond a reasonable doubt. *Id.* at 488–90. Under § 1326(b)(2), the fact of a prior aggravating felony is a sentencing factor, which need not be charged in an indictment or submitted to a jury and proven beyond a reasonable doubt. *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Gatewood,* 230 F.3d 186, 192 (6th Cir.2000) (*en banc*). Rather a district court may determine the fact of a prior aggravated felony conviction by a preponderance of the evidence at sentencing. *Id.* Thus, the district court did not err when it found that Gonzalez–Ramirez had a prior aggravated felony conviction and imposed an enhanced sentence under § 1326(b)(2), even though the indictment charging Gonzalez–Ramirez did not allege the existence of a prior aggravated felony, because § 1326(b)(2) establishes a sentencing factor, not an element of the crime.

### III.

For the foregoing reasons, we find that the district court's failure to advise the

defendant of his right to persist in his not guilty plea prior to accepting his guilty plea was harmless error. Further, we affirm the district court's imposition of an enhanced sentence based on Gonzalez–Ramirez's prior aggravated felony conviction even though the indictment charging Gonzalez–Ramirez did not allege that conviction.