UNITED STATES of America, Plaintiff–Appellee,

v.

Jose SOTO, Defendant–Appellant.

No. 03–1213.

United States Court of Appeals, Sixth Circuit.

Dec. 2, 2003.

B. Rene Shekmer, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Robert F. Mirque, Sr., Robert F. Mirque Law Office, Grand Rapids, MI, for Defendant–Appellant.

Before GUY and GILMAN, Circuit Judges; and REEVES, District Judge.*

### ORDER

This is a direct appeal from a criminal judgment and commitment order in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Jose Soto and three other individuals were indicted on related cocaine and conspiracy charges. Soto was ultimately found guilty on his plea to Count One, conspiracy to possess with intent to distribute and distribute cocaine, in violation of 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(C). The district court sentenced Soto to a 168 month term of imprisonment and a five-year period of supervised release. This appeal followed. Counsel for Soto filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In October of 2001, law enforcement agents found quantities of cocaine and cocaine base in a trailer near Kalamazoo, Michigan, in which defendant Soto was residing. Soto was thereafter charged with conspiring with others to distribute an unspecified amount of cocaine, conspiring to distribute more than fifty grams of

---

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

cocaine base, and possession of more than fifty grams of cocaine base. Soto was supplied counsel and he eventually agreed to an oral plea agreement. The essence of the agreement was that Soto would plead guilty to the two conspiracy counts of the indictment and the government would move to dismiss the remaining count of crack cocaine possession.

The parties met before the district court for the formal Criminal Rule 11 plea colloquy. The district court first inquired of Soto as to his ability to enter the plea and the government confirmed that Soto would plead to Counts One and Two in exchange for the dismissal of Count Three. The court recited for Soto the constitutional protections he would be waiving by entering his plea, advised him of the statutory penalties, and verified that Soto's plea was voluntary. Soto described his role in occasionally driving with his brother to deliver cocaine and in guarding the cocaine stored at the trailer, but he balked when asked to admit playing a part in conspiring to distribute cocaine base, or crack. Soto eventually agreed with a convoluted line of questions, posed by the court and both counsel, designed to elicit from Soto an admission that he was guarding drugs in the trailer where police officers discovered cocaine in powder and base form. The court accepted the plea and delayed sentencing pending completion of a presentence report.

The parties met for sentencing following the preparation of the presentence report and addressed Soto's first specific objection to that part of the presentence report in which he was said to have been involved in a conspiracy to distribute crack cocaine. The court acquiesced to defense counsel's request to conduct a second colloquy with Soto in an effort to determine whether or not there was a factual basis for Soto's plea to Count Two, the crack cocaine conspiracy. Soto vigorously denied knowing there was any cocaine base in the trailer. He steadfastly maintained that he was a powder cocaine addict, that he was there only to guard powder cocaine, and that he did not have any involvement with a conspiracy to distribute cocaine base. The district court concluded there was no factual basis for Soto's plea for Count Two, although Soto reaffirmed that the quantity of cocaine base in the trailer could be used as a sentencing factor. The court therefore altered its earlier decision and accepted Soto's plea as to Count One only. The parties agreed that, for sentencing purposes, this would make no difference in Soto's base offense level of thirty-three and criminal history category of III. The court denied the second defense request, namely, that Soto's base offense level be reduced in recognition of Soto's minimal role in the offense, and the court heard from Soto and his counsel. The court sentenced Soto to the lowest end of the agreed-upon guideline range of 168–210 months imprisonment and a five-year period of supervised release. The government moved to dismiss the remaining two counts of the indictment and the matter was closed.

On appeal, appointed trial counsel for Soto moves to withdraw representation and submitted a brief pursuant to his duty under *Anders*. This brief does not provide this court with any more insight into this case than could be gleaned from reading the indictment and judgment on appeal.

■ It is nevertheless apparent that there are no arguable issues for appellate review. The district court followed the dictates of Criminal Rule 11(c) and (d) in accepting the guilty plea. While the bifurcated process by which the district court ascertained that there was a factual basis for the plea to Count One, but not to Count Two, is unusual, the end result is

that Soto's plea to Count One was made, and accepted, in accord with Criminal Rule 11. It is axiomatic that a plea of guilty will not be reversed on appeal because of the district court's failure to comply with Rule 11 unless the non-compliance affected the substantial rights of the defendant. *United States v. Stead,* 746 F.2d 355, 356–57 (6th Cir.1984). Soto's substantial rights were not adversely affected as it pertained to his plea to Count One or, it seems manifest, with the rejection without adverse consequence of his plea to Count Two. In addition, as neither Soto nor his counsel registered any contemporaneous objections to this, or any other portion of the Rule 11 proceedings, this court is limited to reviewing this proceeding for plain error. *United States v. Sherrod,* 33 F.3d 723, 724 (6th Cir.1994). In light of this heightened standard of review, and mindful that the defendant has not complained of his plea bargain, this court will not disturb the district court's judgment for the failure to adhere strictly to the dictates of Criminal Rule 11(c).

■ The parties agreed that Soto's guideline range was 168–210 months based solely on the base offense level of thirty-three and criminal history category of III. Soto received a sentence at the lowest end of this range with the district court denying only his objection to the lack of a reduction under USSG § 3B1.2 for his alleged "minimal" role in the offense. Given Soto's sworn testimony as to his active participation in delivering cocaine and in knowingly guarding a large cache of cocaine, the district court's decision will be affirmed. The absence of any other objections to the sentence means that Soto has waived any further appellate review of the guideline sentence. *See, e.g., United States v. Ukomadu,* 236 F.3d 333, 340 (6th Cir.2001).

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.