180 F.3d 76,
 UNITED STATES of America, Appellee,
v.
Joseph LIVORSI, Salvatore Ballato, David Yonkolowitz, Len
Rothman, Michael Suneco, James Moglia William
Degel And Ciro Taormina, Defendants,
Louis Ferrante and Joseph Mirabella, Defendants-Appellants.
 Docket Nos. 97-1377(L)
 United States Court of Appeals,
Second Circuit.
 Argued April 20, 1999.
Decided June 11, 1999.
 
 ANTHONY V. LOMBARDINO, Richmond Hill, NY, for Defendant-Appellant Ferrante.
 LOUIS FERRANTE, Otisville, NY, pro se.
 STEVEN L. BROUNSTEIN, Flushing, NY, for Defendant-Appellant Mirabella.
 ELIZABETH A. LESSER, Assistant United States Attorney, on behalf of ZACHARY W. CARTER, United States Attorney for the Eastern District of New York (EMILY BERGER, Assistant United States Attorney, on the brief), for Appellee.
 Before: KEARSE, McLAUGHLIN, and CALABRESI, Circuit Judges.
 CALABRESI, Circuit Judge:
 
 
 1
 Defendants Louis Ferrante and Joseph Mirabella appeal from judgments of conviction entered after their respective guilty pleas in the United States District Court for the Eastern District of New York (Thomas C. Platt, Jr., Judge ). Ferrante pleaded guilty to armed robbery in violation of 18 U.S.C. § 1951. The district court sentenced him to 87 months' imprisonment (consecutive to a 60-month term of imprisonment that Ferrante is currently serving for a separate state crime), to be followed by a three-year term of supervised release. Ferrante was also ordered to pay a special assessment of $50 and restitution in the amount of $48,000. Mirabella pleaded guilty to the theft of money in excess of $100 from a financial institution in violation of 18 U.S.C. § 2113(b). The district court sentenced Mirabella to seven years' imprisonment to be followed by a three-year term of supervised release. Mirabella's sentence likewise was ordered to run consecutively to a separate state sentence that he is currently serving.
 
 
 2
 The Appellants' convictions stem from indictments charging them, along with eight other defendants, with six different robberies, armed robberies and hijackings, conspiracy to affect commerce by robbery, and various weapons charges. Each Appellant pleaded guilty in June of 1996.
 
 
 3
 On appeal, Ferrante's lawyer argues that his client's sentence was improperly calculated under the Sentencing Guidelines and that Ferrante's case should be remanded for resentencing. Ferrante, in a separate pro se brief, contends that the district court committed numerous errors during his plea and sentencing hearings, and that these errors require that his conviction be vacated so that he may withdraw his plea. Chiefly, Ferrante alleges that the district court (1) did not make adequate inquiries to assure, as required by Federal Rule of Criminal Procedure 11(d), that his plea was voluntary; (2) failed to inform him, as required by Rule 11(e)(2), that he would be unable to withdraw his plea if the court ultimately decided to sentence him in excess of the term proposed in his plea agreement; (3) accepted his plea without the establishment of a sufficient factual basis as required by Rule 11(f); and (4) did not inform him of the nature of the charges to which he was pleading guilty as required by Rule 11(c)(1).
 
 
 4
 Mirabella contends separately on appeal that his sentence was improperly ordered to run consecutively to his state robbery sentence. He claims that § 5G1.3(b) and (c) of the Sentencing Guidelines calls for a concurrent sentence because, he argues, his state and federal convictions arose out of the same course of conduct.
 
 
 5
 We hold that Mirabella's convictions did not arise out of the same course of conduct and that his sentence should be upheld. As to Ferrante, we conclude that the errors committed by the district court during the plea allocution warrant reversal. We therefore vacate Ferrante's judgment of conviction and remand with instructions that he be given the opportunity to withdraw his guilty plea and plead anew.
 
 DISCUSSION
 I. Ferrante
 
 6
 Ferrante challenges both the validity of his plea and the sentence imposed. We find that the absence of a complete inquiry into Ferrante's mental state at the time of his plea and the district judge's failure to warn Ferrante that he would be unable to withdraw his plea even if the judge failed to accept the recommended sentence under the plea agreement combine to "tip[ ] the scale" and warrant vacating Ferrante's conviction. United States v. Ferrara, 954 F.2d 103, 108 (2d Cir.1992) (holding that a similar omitted warning, together with ambiguity as to the plea agreement's recommended sentence, constituted reversible error). Because we vacate his plea, Ferrante's challenges to his sentence are moot and we do not consider them.
 
 
 7
 We start, of course, with the familiar premise that this Circuit has "adopted a standard of strict adherence to Rule 11," United States v. Lora, 895 F.2d 878, 880 (2d Cir.1990), and that "therefore ... 'we examine critically even slight procedural deficiencies to ensure that the defendant's guilty plea was a voluntary and intelligent choice, and that none of the defendant's substantial rights ha[s] been compromised.' " United States v. Maher, 108 F.3d 1513, 1520 (2d Cir.1994) (quoting United States v. Parkins, 25 F.3d 114, 117 (2d Cir.1994) (omissions and alterations in Maher )).
 
 A.
 
 8
 Ferrante first argues that his plea was taken without a sufficient factual basis. See Fed.R.Crim.P. 11(f) ("Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."). At his plea hearing, however, Ferrante quite clearly told the district court that he actively aided and abetted the armed robbery for which he was indicted. And the Supreme Court has held that Rule 11(f) requires no more: "The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' " McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); see also Maher, 108 F.3d at 1524 (same). This claim is therefore without merit.
 
 
 9
 The next argument Ferrante raises is that the district court failed to advise him of the exact nature of the charges to which he was pleading guilty. See Fed.R.Crim.P. 11(c) ("Before accepting a plea of guilty ..., the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the ... nature of the charge to which the plea is offered...."). "This Rule ... is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." Maher, 108 F.3d at 1520. Our Court studies the entire record when assessing whether the district court complied with Rule 11(c)(1), and we will not reverse when the failure to comply was harmless. See id. at 1520-21. Our review of the proceedings below demonstrates that the charges to which Ferrante pled were explained sufficiently by the district court and were adequately understood by the defendant. Therefore, any alleged error on the part of the district court under Rule 11(c)(1) was harmless.
 
 B.
 
 10
 Ferrante challenges the validity of his plea allocution on two additional grounds. First, he points out that the court failed to inform him at his plea hearing that he would be unable withdraw his plea if the sentence imposed exceeded the range recommended to the court in Ferrante's plea agreement with the government.[1] And second, Ferrante notes that the district judge did not inquire as to whether he was on any medication or under the care of a physician. This, he contends, demonstrates that the court failed to ensure that his plea was truly voluntary.
 
 
 11
 Federal Rule of Criminal Procedure 11(e)(1)(B) and (e)(2) mandates that "at the time [a] plea is offered ... the court shall advise the defendant that if the court does not accept the recommendation ... the defendant nevertheless has no right to withdraw the plea." Fed.R.Crim.P. 11(e)(2). Ferrante never received this warning and, as we explained in Ferrara:
 
 
 12
 Giving the Rule 11(e)(2) warning ... ensures that a defendant has had a specific opportunity to withdraw a guilty plea when the defendant is informed that the agreement with the government is not binding upon the court.
 
 
 13
 Id. at 107.
 
 
 14
 It is easy to see why a failure to give a defendant the Rule 11(e)(2) warning can affect significant substantial rights. A guilty person has a constitutional right to a trial, which he can, of course, forego, but only if he knows the consequences of doing so. It is possible that such a person might plead guilty only on the assumption that his agreement with his prosecutors will be adopted by a district court. And we cannot hide from ourselves the possibility that even an innocent person faced with very strong evidence of guilt and a seemingly favorable agreement with the government might prefer to plead, and yet would choose not to do so if he knew that the agreement was not binding on the court and that, despite deviations by the court, he could not withdraw his plea once he made it. On the other hand, it is patent that a failure to give the Rule 11(e)(2) warning can in many circumstances be harmless. This is clearly so when, in fact, the defendant is well aware that the court can ignore the plea agreement and that his plea is not revokable even if the court does not accept the agreement.
 
 
 15
 Absent evidence of such knowledge, however, courts have reversed convictions when a district court failed to give the full Rule 11(e)(2) warning to a defendant. Thus, this Circuit vacated a plea in a case in which the defendant's agreement with the government stated that the agreement was not binding on the court, but did not include the admonition that the defendant would be unable to withdraw his plea in the event that the court did not adopt the recommended sentence, and the court failed to cure the omission. See Ferrara, 954 F.2d at 106. Similarly, in United States v. DeBusk, 976 F.2d 300 (6th Cir.1992), the Sixth Circuit vacated a plea in a case in which the district court recited the fact the agreement was not binding on the court, but did not give the requisite Rule 11(e)(2) warning. See id. at 307[2]; see also United States v. Graibe, 946 F.2d 1428 (9th Cir.1991) (same); United States v. Theron, 849 F.2d 477, 481 (10th Cir.1988) ("There is a reasonable possibility that [the defendant] was confused in a way that compliance with Rule 11 could have remedied ... [and t]he district court's advice to [the defendant] that it was not bound by the Government's recommendation is insufficient to render the error harmless."); United States v. Iaquinta, 719 F.2d 83, 85 (4th Cir.1983) ("While the district court need not recite verbatim the advice required by Rule 11(e)(2), it must substantially inform the defendant of and determine that the defendant understands the admonition contained therein.... [T]he district court never attempted to ascertain whether the defendants understood that they were without that right.").
 
 
 16
 When the district judge has told a defendant that the plea agreement's sentencing recommendation is not binding on the court but has not complied with Rule 11(e)(2), the Circuits have differed, however, as to the circumstances in which reversal is warranted. Some courts have held that the failure to give the Rule 11(e)(2) warning was harmless either in the absence of an assertion by the defendant that he was confused as to his rights or in the presence of evidence that the defendant would not have withdrawn his plea even if given the proper warning. See, e.g., United States v. McCarthy, 97 F.3d 1562, 1575 (8th Cir.1996) (deeming error harmless based on a review of the record in which court found that "even if [the defendant had] been given a Rule 11(e)(2) warning, he still would have pleaded guilty, because the warning would have added precious little to the knowledge he already possessed about the plea process"); United States v. Diaz-Vargas, 35 F.3d 1221, 1224 (7th Cir.1994) (noting that "the defendant's conduct demonstrates that he still would have likely accepted his plea even if he were verbally given the exact 11(e)(2) warning"); United States v. Thibodeaux, 811 F.2d 847 (5th Cir.1987) (finding no reversible error where the defendant did not contend that he believed that he could withdraw plea if the district judge did not adopt the government's recommended sentence, or that he would have withdrawn his plea had the court given the Rule 11(e)(2) warning); United States v. de le Puente, 755 F.2d 313, 315 (3d Cir.1985) (concluding that there was no reason to think that the defendant was unaware that he would be unable to withdraw his plea and noting that "[a]ll the [other] admonitions required by Rule 11(c) were delivered"). But others have held that, absent evidence in the record that the defendant was aware of his rights, reversal was necessary. See Graibe, 946 F.2d at 1433 (noting that the failure to give the Rule 11(e)(2) warning "might be harmless if the record showed that the defendant actually knew that he would be bound by his plea regardless of the length of the sentence the district judge decided to impose.").
 
 
 17
 In many of these decisions, courts have emphasized the importance of delivering the Rule 11(e)(2) admonition in open court. Indeed, "[t]he purpose of the Rule 11(e)(2) warning is to provide essential information to the defendant so that he will fully understand the implications of his plea. If a defendant is not given that warning, there will necessarily be a 'reasonable possibility' that he will not comprehend those implications fully." Graibe, 946 F.2d at 1435; see also, e.g., Ferrara, 954 F.2d at 107 ("One of the reasons for giving the Rule 11(e)(2) warning is to disabuse a defendant of whatever mistaken notions the defendant's lawyer has conveyed to the defendant in a plea bargaining situation."). As the existence of Rule 11(e)(2) itself indicates, the best way to ensure that the defendant is fully aware of the implications of his decision to plead guilty is, after all, for the district judge to give the proper warning in open court.
 
 
 18
 The case before us does not fall comfortably under any of the above decisions. On the one hand, the plea agreement in this case did include both a warning that the district court was not bound by the government's sentencing recommendation and a statement that the defendant would be unable to withdraw his plea if the court went above the recommended sentence.[3] On the other hand, this case is unique for the utter lack of information that was communicated to the defendant by the district court during the plea allocution.[4] Under the circumstances, if there were nothing more, we would be hard put to decide between our own statements of the importance of giving the warning in open court, see Ferrara, 954 F.2d at 107,[5] and our indication, also in Ferrara, that where the defendant is independently aware of his rights, omissions by the district court can be deemed harmless.
 
 
 19
 We need not decide today, however, whether a relatively detailed plea agreement can alone be enough to cure a court's failure to give the Rule 11(e)(2) warning since, as in Ferrara, the Rule 11(e)(2) omission is not the only problem with the plea before us. In Ferrara, we reversed a conviction based on the district court's failure to give the Rule 11(e)(2) warning, given the existence of additional grounds of confusion.[6] Here, although the district judge asked Ferrante whether his plea was voluntary and whether he understood the charges to which he was pleading,[7] the judge failed to ask whether, at the time, Ferrante was under the influence of drugs or alcohol, or in the ongoing care of a physician. See United States v. Rossillo, 853 F.2d 1062, 1067 (2d Cir.1988) (finding that "the failure to make an on-the-record determination whether [the defendant] was under the influence of any medication, and, if he had taken any medication, whether his plea was voluntarily and knowingly offered, constitute[d] reversible error").
 
 
 20
 Ferrante claims that had the district judge asked him these questions, he would have informed the court that he had been taking medication for several years following a car crash in which he suffered a head injury, and that as a result of the head injury, he periodically suffers from blackouts and amnesia.[8] Without some more evidence that the medication made the plea involuntary, we might well not reverse on this ground alone. Cf. United States v. Lora, 895 F.2d 878, 881 (2d Cir.1990) (finding analogous omissions in the district court's plea hearing questioning harmless in light of evidence in the record showing generally that the defendant "knowingly and voluntarily waived his right to make the government prove his guilt at trial"). But, in the circumstances of this case, the failure to make a full inquiry into defendant's mental state is enough to "tip[ ] the scales." Ferrara, 954 F.2d at108. Taken together, this and the Rule 11(e)(2) omissions on the part of the district court suffice to cast doubt on the voluntariness of the defendant's plea, and hence warrant overturning Ferrante's conviction.
 
 
 21
 We therefore vacate the judgment of conviction and remand so that Ferrante may be given the opportunity to withdraw his plea of guilty and plead anew.
 
 II. Mirabella
 
 22
 Mirabella argues that his sentence was improperly calculated under § 5G1.3 of the Sentencing Guidelines. As an initial matter, a district court's sentencing decisions under § 5G1.3(c) will not be overturned absent an abuse of discretion. See United States v. Velasquez, 136 F.3d 921, 923 (2d Cir.1998).
 
 Section 5G1.3 provides:
 
 23
 (b) If ... the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
 
 
 24
 (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.
 
 
 25
 U.S. Sentencing Guidelines Manual § 5G1.3 (1997).
 
 
 26
 The government argues correctly that Mirabella's federal conviction for bank larceny and his state convictions for bank robberies (which were committed one year after the federal offense) are not related and are not "groupable" offenses under § 3D1.2 of the Sentencing Guidelines and, as such, the state conviction could not be considered "relevant conduct" under § 1B1.3 of the Guidelines. Because the state offense is not "relevant conduct," it should not be--and was not--taken into account by the court under § 5G1.3 in calculating his federal sentence. Thus, subsection (b) of § 5G1.3 is wholly inapplicable to Mirabella's sentence. Moreover, subsection (c) accords broad discretion to district courts in fashioning sentences, and we can discern no reason to upset the district court's decision, based as it was on a review of all relevant factors, not to shave time from Mirabella's federal sentence simply because Mirabella is also obliged to serve time for a wholly separate state law crime.
 
 
 27
 * * *
 
 
 28
 Defendant-Appellant Mirabella's sentence is affirmed. Defendant-Appellant Ferrante's judgment of conviction is vacated and remanded to the district court with instructions that he be given the opportunity to withdraw his plea of guilty and plead anew.
 
 
 
 [1]
 The agreement recommended a sentence of between 57-71 months' imprisonment; Ferrante received a sentence of 87 months
 
 
 [2]
 The Sixth Circuit noted in DeBusk that "[t]he record indicate[d] that [the defendant] thought of the plea agreement as a unitary compact which the court was required to accept or reject in toto. " Id. Observing further that the Advisory Committee Notes to the Rule stated that " 'it is fair to say that the kinds of Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited,' " the court found that "the total failure to give the required Rule 11(e)(2) warning under the circumstances" did not bring the case within that "fairly limited" category. Id
 
 
 [3]
 To this extent, this case is similar, in some respects, to United States v. Noriega-Millan, 110 F.3d 162 (1st Cir.1997), a recent decision of the First Circuit involving a plea agreement that was highly detailed and contained the full Rule 11(e)(2) warning. In Noriega-Millan, the First Circuit held that the district court's failure to give the warning was harmless error. In Noriega-Millan, however, the defendant had initialed each page of the plea agreement and recited to the district judge that "he understood that the sentencing range specified in the plea agreement was 87-108 months of imprisonment; that, pursuant to the plea agreement, the government would recommend a sentence of 97 months of imprisonment; and that he understood that the government's recommendations were not binding upon the court." Id. at 165. In addition, though the First Circuit did not make much of it, it may be worth noting that the defendant in that case was present while his co-defendants received the full Rule 11(e)(2) warning. See id. In the instant case, by contrast, the district court failed to have any colloquy with any of the defendants on the issue
 
 
 [4]
 There is, moreover, nothing in the record other than the plea agreement itself to suggest that the defendant may have known that he would be unable to withdraw his plea in the event that the district judge failed to adopt the government's sentencing recommendation
 
 
 [5]
 In this respect, we reaffirm what we indicated in Ferrara, namely, that serious problems would follow from a rule that in effect relied on plea agreements, drafted by prosecutors, to give defendants the equivalent of Rule 11 warnings. This is because there can be no guarantee that a defendant will read his plea agreement or have it explained in detail to him by his attorney. Rule 11, instead, by mandating that warnings be given in open court, seeks to assure that the warnings will be heard and understood by defendants. Cf. McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (stressing the importance in Rule 11 proceedings of direct interrogation of the defendant by the district court in order to facilitate the determination of the voluntariness of a defendant's guilty plea)
 
 
 [6]
 The plea agreement left unclear whether Ferrara's sentence was to run concurrently or consecutively to a separate sentence that he was serving. See Ferrara, 954 F.2d at 105-06
 
 
 [7]
 See Fed. R. Cr. P. 11(d) ("The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary....")
 
 
 [8]
 Rossillo held that a district court's failure to follow up with a defendant about the medication that he was taking for his heart condition (about which the court was on notice), or about the possible effects that such medication might have on the defendant's decision to plead guilty, required reversal. See id. at 1066