UNITED STATES of America,
Appellee,

v.

Joseph TZERNOCHOV, Defendant,

Joseph Drukman, Defendant–Appellant.

No. 98–1646.

United States Court of Appeals,
Second Circuit.

Sept. 27, 2001.

Eric A. Tirshwell, Assistant United States Attorney; Loretta E. Lynch, United States Attorney for the Eastern District of New York and Peter A. Norling, Assistant United States Attorney, on the brief, Brooklyn, NY, for appellee.

David G. Secular, Esq., Federal Public Defender's Office Syracuse, NY, for appellant.

Present Hon. JOHN M. WALKER, JR., Chief Judge, Hon. JON O. NEWMAN and Hon. GUIDO CALABRESI, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Joseph Drukman appeals from a November 2, 1998 judgment of the United States District Court for the Eastern District of New York (Raggi, *J.*) convicting Drukman, after a plea of guilty, of making counterfeit currency in violation of 18 U.S.C. § 471, and sentencing him to a term of imprisonment of 15 months, two years' supervised release, and a special assessment of $100. On appeal, Drukman argues that the district court erroneously entered his plea of guilty in the absence of sufficient evidence of his intent to defraud, an element of the offense of which he was convicted.

On December 15, 1997, United States Secret Service agents executed an arrest warrant for codefendant Joseph Tzernochov at a Brooklyn, New York residence. Tzernochov was suspected of being involved in the manufacture of counterfeit United States currency. When the Secret Service agents entered the Brooklyn residence, they saw Drukman sitting at a table with sheets of uncut counterfeit currency in front of him, cutting them. The agents also found on this table a razor, scrap paper and bundles of counterfeit currency. The agents observed two copying machines that, at the time, were making additional counterfeit currency.

■ On March 11, 1998, Drukman pled guilty to knowingly, and with intent to defraud, manufacturing counterfeit currency, in violation of 18 U.S.C. § 471. During the hearing in which Drukman pled guilty, the following colloquy occurred:

> THE COURT: I want you to take a moment then and in your own words tell me what you did to commit this crime.
>
> DEFENDANT: I knew it was counterfeit money and I cut the money.

THE COURT: I understand that this money was being copied in some way at the location where you were arrested.

Is that what was going on?

DEFENDANT: Yes.

THE COURT: And you helped by cutting it into individual bills, is that correct?

DEFENDANT: Yes.

THE COURT: You knew the money was not lawful money, is that correct?

DEFENDANT: Yes, I knew.

THE COURT: Did you also recognize that this money was going to be given to people, so that they could use it as real money?

DEFENDANT: I did not understand the question.

THE COURT: I just want to make certain you didn't think the money was being made just to play games with.

Did you understand that somehow people intended to use this as real money?

DEFENDANT: Yes, I understand.

THE COURT: And is that what your intent was?

DEFENDANT: I knew it was counterfeit money.

THE COURT: Did you know that the purpose of your making it was so that someday, somebody could use it as if it were real money?

DEFENDANT: Yes.

We review the district court's determination that the record furnishes a factual basis sufficient to support the plea for abuse of discretion. *See United States v. Smith,* 160 F.3d 117, 122 (2d Cir.1998). Fed.R.Crim.P. 11(f) requires that the district court judge "determine 'that the con-

**24**

duct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.'" *United States v. Livorsi*, 180 F.3d 76, 79 (2d Cir.1999) (quoting *McCarthy v. United States*, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (internal quotation marks omitted)).

■ The offense to which Drukman pled guilty, 18 U.S.C. § 471, provides as follows:

> Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than fifteen years, or both.

Drukman argues that at his plea allocution he never acknowledged that he had a specific intent to defraud. This argument must fail because the crime to which Drukman pled guilty requires that he possess only a "general intent that some innocent third party in the chain of distribution be defrauded." *United States v. Mucciante*, 21 F.3d 1228, 1235 (2d Cir.1994) (construing "intent to defraud" in 18 U.S.C. § 479) (quotation omitted). Because we find that the district court amply established a factual basis to support Drukman's plea, we AFFIRM the judgment of the district court.