**UNITED STATES of America,**
**Appellee,**

v.

**James E. LEWIS, Defendant–Appellant.**

**No. 01–1494.**

United States Court of Appeals,
Second Circuit.

Sept. 3, 2002.

Christopher S. Ciaccio, Rochester, NY, for Appellant.

Frank H. Sherman, Assistant United States Attorney, (Michael A. Battle, United States Attorney for the Western District of New York), New York, NY, for Appellee.

Present WINTER, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court, be, and it hereby is, AFFIRMED.

In the course of a drug investigation, defendant-appellant James E. Lewis shot and permanently injured one police officer, Officer Mitchell, and repeatedly shot at a second officer, Officer DePietro, while fleeing the scene. Based on these facts, on August 30, 2000, the Chautauqua County Court sentenced Lewis to a total of fifty years to life imprisonment.

Lewis was tried in the United States District Court for the Western District of New York on the basis of these same underlying facts. Lewis's first federal trial resulted in a mistrial, and Lewis moved to set aside the indictment on double jeopardy grounds, alleging that the government intentionally goaded him into moving for a mistrial. The district court (Charles J. Siragusa, *Judge* ) denied the motion and convicted Lewis of conspiracy to distribute, and possession with intent to distribute marijuana and fifty grams or more of cocaine base; distribution of cocaine base;

and possession, use and discharge of a firearm in furtherance of a drug trafficking crime. The district court sentenced Lewis to a total of 525 months of imprisonment consecutive to his New York state sentence and fined him $300.

On appeal, Lewis argues that the court erred by denying his double jeopardy claim, by departing upward to account for the significant physical injury to Officer Mitchell, and by ordering Lewis's federal sentence to run entirely consecutive to his state sentence.

■ Lewis argues that double jeopardy should have barred his indictment because, as he argued below, the government intentionally goaded him into moving for a mistrial. Findings of fact, specifically those findings that the government "did not intend to provoke a mistrial[,] will not be reversed unless clearly erroneous." *United States v. Millan*, 17 F.3d 14, 18 (2d Cir.1994). The district court found no such intent, and we hold that this finding was not clearly erroneous.

■ Lewis also argues that the district court erred in departing upward pursuant to U.S.S.G. § 5K2.2 (significant physical injury) because Officer Mitchell's injury was adequately taken into consideration by two upward adjustments. We review decisions to depart from the Guidelines for abuse of discretion, *Koon v. United States*, 518 U.S. 81, 91, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), and find that the court did not abuse that discretion. The upward adjustment pursuant to U.S.S.G. § 3C1.2 (reckless endangerment during flight) could not have adequately considered Officer Mitchell's injury because the court's

application of U.S.S.G. § 3C1.2 concerned Lewis's shooting at Officer DePietro. The upward adjustment pursuant to U.S.S.G. § 3A1.2 (official victim) did not adequately consider significant physical injury because the official victim section considers only the status of the victim, not the actual injury. *United States v. Ashley*, 141 F.3d 63, 68 (2d Cir.1998).

■ Lewis's argument that the district court abused its discretion under U.S.S.G. § 5G1.3(c) by imposing its sentence entirely consecutive to the state sentence is similarly without merit.* We review sentencing decisions under U.S.S.G. § 5G1.3(c) for abuse of discretion. *United States v. Livorsi*, 180 F.3d 76, 82–83 (2d Cir.1999). There is no evidence on the record that would support a conclusion that the district court abused its discretion in deciding to impose the sentence consecutive to the state sentence; on the contrary, the record shows that the district court fully considered the state sentence as recommended by the Guidelines. U.S.S.G. § 5G1.3, cmt. n. 3.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

* At oral argument, Lewis's counsel clarified that he was not arguing that the district court had a U.S.S.G. § 5G1.3(b) obligation to impose a portion of the federal sentence concurrent to the state sentence.