**UNITED STATES of America,**
**Appellee,**

v.

**Mark BALINT, Defendant–Appellant.**

**No. 03–1662.**

United States Court of Appeals,
Second Circuit.

June 8, 2005.

Mary Anne Wirth, Bleakley, Platt & Schmidt LLP, White Plains, NY, for Defendant–Appellant.

Gretchen L. Wylegala, Assistant United States Attorney, for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee, of counsel.

Present: VAN GRAAFEILAND,[1] LEVAL and KATZMANN, Circuit Judges.

### AMENDED SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Defendant-appellant Mark Balint appeals from a sentence, including a 37–month term of imprisonment imposed consecutively to a sentence for a bank robbery conviction in Nevada, and a payment of $270,596 in restitution, following his plea of guilty to mail fraud, in violation of 18

1. The Honorable Ellsworth Van Graafeiland, Judge, United States Court of Appeals for the Second Circuit, died following argument.

The appeal is being decided by the remaining two members of the panel, who are in agreement. See 2d Cir. R. § 0.14(b).

U.S.C. § 1341. Balint's conviction stemmed from his involvement in an investment fraud scheme pursuant to which he encouraged a number of his friends and acquaintances to invest in the stock market through Balint Investments Associated, Inc. However, Balint deposited the funds into his own bank account and used the money for personal expenses. He hid the nature of his actions by providing the investors with regular statements by mail, which contained totally fictitious information. The loss to the seven identified investors exceeded $200,000. We assume the parties' familiarity with the underlying facts.

On appeal, Balint challenges 1) the application of Note 11(c) under section 2F1.1 of the 2000 edition of the United States Sentencing Guideline ("Note 11(c)"); 2) the government's statements to the district court regarding an abuse of trust adjustment as a violation of the plea agreement; 3) the imposition of a concurrent sentence; and 4) the calculation of restitution.

Balint first argues that the district court erred in applying, to his sentence, Note 11(c), the psychological harm upward departure found under United States Sentencing Guideline section 2F1.1 governing fraudulent crimes. Specifically, Balint claims that the district court: (1) failed to apply U.S.S.G. § 5K2.3 when granting a departure based on psychological harm; (2) made clearly erroneous factual findings which failed to support the psychological harm upward departure; and (3) failed to justify properly the extent of the departure.

Balint's claim that the district court erred in failing to apply U.S.S.G. § 5K2.3 to analyze whether psychological harm to the victims warranted an upward departure was not preserved below. Balint asserts that his argument based on section 5K2.3, entitled "Extreme Psychological Injury," was preserved by his general argument regarding whether section 2F1.1 fully captured the harmfulness and seriousness of his conduct. However, his brief to the district court on this point discusses only Application Note 11 and argues that the psychological harm alleged does not take Balint's case outside the "heartland" of fraud cases. This did not call the judge's attention to the more exacting requirement of section 5K2.3, and was thus insufficient to preserve the distinct claim that the judge was required to find "substantial impairment," as required by that section. Thus, the section 5K2.3 claim was not preserved, and the standard of review as to this claim is plain error. *See United States v. Glick,* 142 F.3d 520, 525 (2d Cir.1998). Considering the exacting standard of *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), requiring error that " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings,' " the fact that the district court did not apply section 5K2.3 does not constitute plain error.

Balint claims that the district court's factual findings were clearly erroneous, and that the factual record taken together failed to support the psychological harm upward departure. These arguments are without merit. In light of the evidence, findings that Balint's actions caused marital discord, loss of sleep, loss of trust in others, depression, and other psychological harm are neither clearly erroneous nor unreasonable.

Nor was the decision to depart upwards unreasonable in light of these factual findings. Note 11 provides, "In cases in which the loss determined under subsection (b)(1) does not fully capture the harmfulness and seriousness of the conduct, an upward departure may be warranted." U.S.S.G. § 2F1.1 Note 11. Note 11(c) fur-

ther specifies that such a case might be one in which "the offense caused reasonably foreseeable, physical or psychological harm." § 2F1.1 Note 11(c). Given the district court's factual findings, the district court did not err in upwardly departing pursuant to Note 11(c).

■ Finally, we consider the extent of the departure. The court's only stated reason for the extent of the departure was to "put this case on the same footing as the defendant's bank robbery, which the Court views as an appropriate result." In determining whether the extent of departure is reasonable, we consider "whether the reasons given by the district court are sufficient to justify the magnitude of the departure." *United States v. Barresi*, 316 F.3d 69, 73 (2d Cir.2002) (citation omitted). Absent an explanation *why* the sentence should be on the same footing as the Nevada sentence, the statement that the court intended that result and considered it appropriate was not a statement of reasons, but simply a statement of the court's objective. While the court may well have had a good reason for imposing that sentence, it did not explain what the reason was, and we therefore cannot easily assess whether the sentence of departure was reasonable. Furthermore, to the extent the court stated that it intended to impose a sentence on the same footing as the Nevada sentence, it did not do that. The sentence imposed was substantially more severe—37 months as compared with the 30 month sentence imposed in Nevada. We find it appropriate to remand the case to the district court for clarification of its explanation of the reason for the extent of the departure.

■ Because in the time since the imposition of sentence, the Supreme Court has declared unconstitutional the compulsory sentencing schema under which this sentence was imposed, *see United States v.*

*Booker*, —— U.S. ——, 125 S.Ct. 738, 746, 160 L.Ed.2d 621 (2005), and in doing so has given sentencing courts greater liberty to sentence outside the framework specified in the Sentencing Guidelines, *see id.* at 756–57, the district court should also consider, as we explained in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), whether it would have imposed the same sentence had the *Booker* sentencing standards already been in effect at the time of the sentence and, accordingly, whether the sentence given should be seen as plain error.

If the court finds, on considering these two questions, either that it no longer believes the extent of its upward departure was appropriate, or that the sentence it would have given, had the *Booker* standards already been in effect, would have been nontrivially more lenient than the sentence imposed, the district court is authorized to vacate the sentence and resentence the defendant under the *Booker* standards. Otherwise, if the court chooses to adhere—with the exception of the restitution amount, explained *infra*—to the original sentence, the court should simply report its reasons for the extent of the departure given, and its conclusion on the *Crosby* question.

Balint next argues that the government breached the plea agreement by advocating an abuse of trust adjustment pursuant to U.S.S.G. § 3B1.3. Balint waived this argument, however, by initially objecting to the abuse of trust enhancement, and then withdrawing this objection.

■ Balint's third argument on appeal is that the district court erred in imposing the sentence on his fraud conviction consecutively to the sentence meted out by the district court in Nevada for his bank robbery conviction. U.S.S.G. § 5G1.3 confers broad discretion on a sentencing judge

to decide whether a sentence should be imposed consecutively or concurrently with another. *See United States v. Livorsi*, 180 F.3d 76, 83 (2d Cir.1999). A sentence will run concurrently when the undischarged term of imprisonment resulted from an offense that has been "fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b). Here, the two crimes occurred at different times and in different places; the robbery conviction played no role in the offense level calculations for the fraud conviction; and the judge properly considered the section 5G1.3(c) factors in crafting the sentence. The district court's decision to sentence Balint consecutively was neither unreasonable nor an abuse of discretion.

Balint's final argument is that the district court erred in calculating the restitution figure. The district court is directed to resolve disputes as to the proper amount of restitution by a preponderance of the evidence. *See* 18 U.S.C. § 3664(e). The government bears the burden to demonstrate the amount of loss sustained by a victim. *Id.*

■ With regard to the restitution owed Kenneth Dombrowski, one of the victims, the district court's findings of fact were neither clearly erroneous nor unreasonable. The only "evidence" supporting Balint's position that certain figures which had been included in the restitution total were not related to the fraud scheme was his own unsupported assertion. In contrast, the government provided copies of checks and FBI interviews where Dombrowski specifically recalled the circumstances surrounding each amount, showing that the disputed amounts related to the investment scheme.

Balint also contends that the district court judge erred when he found that a $50,000 loan to Balint from another victim,

Louis A. Magnano, should be included in the restitution amount. Balint asserts that only $42,000 of the $50,000 was used in furtherance of his scheme by paying off anxious investors. The evidence showed that, on the same day that Balint received a $50,000 check from Magnano, he wrote a $32,000 check to Dombrowski and a $10,000 check to another investor. Thus, only $42,000 of the $50,000 was used to keep his scheme going. It is undisputed that Magnano made the $50,000 loan to Balint, that $42,000 of that loan was immediately "turned around" and sent to other fraud victims, and that Magnano was never repaid. However, the record is silent concerning the use to which the $8,000 was put—i.e., whether Balint applied it to further his fraud scheme or used it for something entirely unrelated. Because there is no evidence, much less a preponderance, showing that the $8,000 should have been included in the restitution total, the district court's inclusion of this amount was erroneous, and the restitution order should be amended to reflect this change.

Accordingly, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED. On remand, the district court should determine, pursuant to *Crosby*, whether it would have imposed a nontrivially more lenient sentence had the *Booker* sentencing standards already been in effect at the time of the sentence. If the court answers this question in the affirmative, or no longer believes that the upward departure was appropriate, it should resentence Balint accordingly. If the court declines to resentence in light of *Booker* and *Crosby*, it should state more clearly the reasons for the extent of the departure. *See United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994). Whether or not the district court resentences Balint in light of *Booker* and *Crosby*, the district court is directed

to reduce the restitution order by $8,000. Either party may invoke the jurisdiction of this Court to consider a subsequent appeal by notifying the Clerk within ten days of the district court's decision, *see Jacobson,* 15 F.3d at 21–22, in which event the renewed appeal will be assigned to this panel.