09-2808-cr
USA v. Liedke

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of October, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             REENA RAGGI,

                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                   *Appellee*,

             -v-                                         09-2808-cr

CARL LIEDKE, ALSO KNOWN AS CMAJ955@AOL.COM,

                                   *Defendant-Appellant*.

_____

Appearing for Appellant:     Lawrence D. Gerzog, Law Office of Lawrence D. Gerzog, Esq., New York, N.Y.

Appearing for Appellee:      Katherine Polk Failla, Anna M. Skotko, Assistant United States Attorneys, *Of Counsel*, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Robinson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Carl Liedke pleaded guilty to receiving and distributing, via e-mail, material containing child pornography that had been transported in interstate or foreign commerce, in violation of 18 U.S.C. § 2252A(a)(2)(B). He was sentenced principally to 188 months' imprisonment, to be followed by five years' supervised release. Petitioner now appeals from his September 3, 2008 judgment of conviction. On appeal, Liedke asserts that the district court's misstatement of the maximum supervised release term during the plea proceeding rendered defendant's plea and appeal waiver invalid. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Federal Rule of Criminal Procedure 11(b)(1) requires a district court, prior to accepting a plea of guilty, to "inform the defendant of, and determine that the defendant understands . . . any maximum possible penalty, including any . . . term of *supervised release*" and "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1) (emphasis added). "[T]his Circuit has adopted a standard of strict adherence to Rule 11." *United States v. Livorsi*, 180 F.3d 76, 78 (2d Cir. 1999) (internal quotation marks omitted). We therefore "examine critically even slight procedural deficiencies to ensure that the defendant's guilty plea was a voluntary and intelligent choice, and that none of the defendant's substantial rights ha[s] been compromised." *United States v. Maher*, 108 F.3d 1513, 1520 (2d Cir. 1997) (alteration in original) (internal quotation mark omitted).

Here, there is no question that the district court erred in advising Liedke that the maximum supervised release term was three years. In fact, the statutory minimum term was five years. There is no indication that defendant knew the correct supervised release requirements at the time of plea. A violation of Rule 11, however, does not necessarily render a conviction invalid: "A variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h).

Moreover, where, as here, a defendant fails to object to a Rule 11 violation, the error is reviewable only under the "plain error" standard, not the "harmless error" standard articulated in Rule 11(h). *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) ("In the Rule 11 context, a silent defendant has the burden to satisfy the plain-error rule.") (internal quotation marks omitted)). "[T]o show plain error, a defendant must establish that the violation affected substantial rights and that there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Our precedent counsels that, "[i]n assessing the likely effect of a Rule 11 error, we are to examine the entire record." *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). To determine whether the defendant has demonstrated "a reasonable probability that, but for the error, he would not have entered the plea[,] . . . we consider, *inter alia*, any record evidence tending to show that a misunderstanding was inconsequential to a defendant's decision to plead guilty, as well as the overall strength of the Government's case." *Id.* (internal quotation marks omitted).

Of particular relevance here is the fact that the Pre-Sentence Report stated the correct mandatory minimum and maximum terms of supervised release. Liedke received this report prior to the sentencing hearing and made no motion to withdraw his plea at the time he received it. Moreover, he did not object at the sentencing hearing either before or after sentencing. At that hearing, Liedke's attorney represented on the record that he had "gone over" the Pre-Sentence Report with Liedke and had "no objections" to the report.

"Where a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the [Rule 11 violation], he would not have entered the plea, and the plain error standard is not met." *Vaval*, 404 F.3d at 152 (alteration in original) (internal quotation marks omitted). In Liedke's case, the court made a misrepresentation rather than an omission, but, just as in *Vaval*, Liedke never sought to withdraw his plea upon learning the correct supervised release range, neither after he received the Pre-Sentence Report, nor after the court sentenced him to a term two years higher than the "maximum" it had previously stated in error.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3