10-4626-cr
United States of America v. Juan Antonio Gonzalez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of January, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         PETER W. HALL,
         SUSAN L. CARNEY,
                 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                 *Appellee,*

        -v.-                                10-4626-cr

JUAN ANTONIO GONZALEZ, AKA DELEON GONZALEZ,

                 *Defendant-Appellant.*

---

FOR APPELLANT:      DAVID A. LEWIS, Assistant Federal Public
                    Defender, Federal Defenders of New York,
                    Inc., Appeals Bureau, New York, NY.

FOR APPELLEE:       TYLER J. SMITH, Assistant U.S. Attorney
                    (Jo Ann M. Navickas, Assistant United
                    States Attorney, on the brief), for
                    Loretta E. Lynch, United States Attorney
                    for the Eastern District of New York, New
                    York, NY.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED**.

Defendant-Appellant Antonio Gonzalez appeals from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*), sentencing him to 33 months' imprisonment for illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2), to run consecutively to the 36-month state prison term Appellant is currently serving. We assume the parties' familiarity with the underlying facts and procedural history.

Appellant contends that the district court's decision to run his federal sentence consecutively to his state sentence was both procedurally and substantively unreasonable.

We review a district court's decision to run a federal sentence consecutively to an undischarged state sentence for abuse of discretion. *See United States v. Livorsi*, 180 F.3d 76, 82 (2d Cir. 1999). Gonzalez does not argue that the district court improperly calculated the appropriate Guidelines range or that the state and federal sentences

2

were the result of the same criminal conduct.  Rather, Gonzalez's only argument on appeal is that the district court's conclusion that the sentence should run consecutively was unreasonable because it was not necessary to provide adequate deterrence.

The extent of Gonzalez's criminal history supports the district court's decision.  The district court also throughly considered Gonzalez's argument that his family ties in Panama counseled against imposing consecutive sentences to achieve adequate deterrence.  The district court rejected this argument and we cannot say that doing so was an abuse of discretion.  That Gonzalez will ultimately serve more time than he would have if he had been sentenced on his state conviction and the illegal entry conviction simultaneously, in federal court, does not make the district court's decision to run his federal sentence consecutively to his state sentence an abuse of discretion.

We have reviewed Gonzalez's other arguments and find them without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk