17-1693 (Con)
*United States v. Dasilva*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> JOHN M. WALKER,
> JOSÉ A. CABRANES,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                              No. 17-1140 (L) 17-1693 (Con)

ROBERT HAUGHTON, AKA Duke,
ONEIL DASILVA, AKA Soxx, AKA Bobby Soxx,

> *Defendant-Appellant*,

NICO BURRELL, AKA ZICO NICO, DOUGLAS MCLARTY, AKA Q-DON, AKA Q-DIZZY, MARTIN MITCHELL, AKA TYLIEK, DONQUE TYRELL, AKA POLO RELL, GERARD BASS, AKA RODDO, DOMNICK SHERLAND, AKA D-NICK, BARFFOUR ABEBERSE, AKA DUCE BIGGA, MASHUD YODA, AKA PAPA OLA, ANDERSON ROSS, AKA BOOGY, AKA BOOGY BOO, AKA RAY ALLEN, JR., ANTHONY KING, AKA ANT-DOG, MARK WILLIAMS, AKA SPANGLER, AKA MARKIE BOSSIN, QUAYSEAN CANNONIER, AKA TIC-TIC, TAYQUAN TUCKER, AKA CHICKEN, AKA CHICKENITA, WILLIAM REID, AKA UPTOWN WILL, MARLON ROBERTS, AKA FETTI, ABDULLAH YODA, DBA DELLAH, KENNETH RUGGS, AKA MONEY MAKING KENNY, CALVIN RUGGS, FABIAN MORRISON, AKA FABO, SHAQUILLE DEWAR, AKA SHAQ DOE, DESEAN BENNETT, AKA DOOLA, JAFAR BORDEN, AKA JAFFY, JOSE RODRIGUEZ, AKA HOV,

SHAVON WRIGHT, AKA BHIPPY, AKA YUNG BHIPPY, RASHEID BUTLER, AKA RAH, BRIAN RICHARDS, AKA B-RICH, DEVANTE JOSEPH, AKA WIZ, STEPHAN CLARKE, JAMES PILGRIM, AKA JIZZLE, MICHELLE JEMISON, AKA PEBBLES, IVANJOEL ARYEETEY, AKA IJOE, AKA IVAN, JAMAL BLAIR, AKA FISH, DURELL GUY, HAKEEM CAMPBELL, AKA OCKY, AKA ACKEE, RICHARD PHILLIPS, AKA G-MACK, RUSHAUN BROWN, AKA BOOBIE, MICHAEL FRANCIS, AKA MIKEY BANDZ, TYRONE GRAY, LAMAR FRANCIS, AKA LAMMY, AKA ANDREW BLACKS, SHANE BENNETT, AKA FATTAH, DAVID JONES, RICARDO STEWART, AKA CARDO, DANTE PLUMMER, AKA TAE, JOEL HARGROVE, AKA FLOW, SHAWN REID, AKA SAMA, AKA SAMA LAMA, BRADLEY WILSON, AKA BROADWAY, ROBERT FELICIANO, DANTE STEPHENS, AKA JIBBA, CARLETTO ALLEN, AKA JOKER, SHAQUILLE JOHN, AKA POPPY, OKEIFA JOHN, AKA RATTY, MICHAEL REDLEY, AKA MIKEY, AKA JONES, ALBERT AMPONSAH, AKA JUNGLE, RICHARD MONTAGUE, AKA SPANKS, ANTHONY LETTERIO, AKA YAY, RAI THOMAS, AKA RITCH, JAVONE PEARCE, AKA JEVY, SHANICE JOHN, DOMINIQUE BASS, AKA DOMO, RICARDO BURGESS, AKA ZILLA, DAQUAN REID,

Defendants.

---

For Defendant-Appellant: ALAN M. NELSON, 3000 Marcus Ave., Lake Success, NY.

For Appellee: KARL METZNER and Rachel Maimin, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.[1]

Oneil Dasilva appeals from a judgment of conviction entered on May 17, 2017, by the United States District Court for the Southern District of New York (Nathan, *J.*) sentencing him principally to a term of 180 months' imprisonment following a guilty plea. We assume the

---

[1] Two motions in a related case, *United States v. Haughton*, No. 17-1140, are both granted: (1) Haughton's attorney's motion to be relieved as counsel to Haughton, pursuant to *Anders v. California*, 386 U.S. 738 (1967), ECF No. 35, and (2) the Government's motion for summary affirmance of Haughton's conviction and sentence, ECF No. 98.

parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Dasilva argues that his guilty plea (as well as his sentence) should be vacated because the district court violated Federal Rule of Criminal Procedure 11, which is "designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." *United States v. Maher*, 108 F.3d 1513, 1520 (2d Cir. 1997). He primarily argues that the district court failed to advise him (i) that the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") are advisory, (ii) that it could impose a sentence other than the sentence that Dasilva and the government stipulated to in his plea agreement, and (iii) that consideration of the 18 U.S.C. § 3553(a) factors could lead to a sentence greater than the stipulated sentence, even if that stipulated sentence reflected a proper U.S.S.G. calculation.

"A guilty plea operates as a waiver of constitutional rights, including the rights to a jury trial and against self-incrimination, and it is therefore valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Johnson*, 850 F.3d 515, 521 (2d Cir. 2017).[2] "Entry of a guilty plea must be a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Gonzales*, 884 F.3d 457, 460 (2d Cir. 2018) (per curiam). "[T]his Circuit has adopted a standard of strict adherence to Rule 11," so "we examine critically even slight procedural deficiencies to ensure that the defendant's guilty plea was a voluntary and intelligent choice, and that none of the defendant's substantial rights has been compromised." *United States v. Livorsi*, 180 F.3d 76, 78 (2d Cir. 1999). Unless there is an objection to a flaw in the plea colloquy, "strict adherence" to Rule 11 is subject to plain error

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

review, which "does not frequently require vacatur of a plea." *United States v. Pattee*, 820 F.3d 496, 503 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 222 (2016).

Plain error review requires a defendant to demonstrate (1) error, (2) that was plain, (3) that "prejudicially affected his substantial rights," and (4) "seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* at 505. "In order to establish that a Rule 11 violation affected 'substantial rights,' the defendant must show that there is a reasonable probability that, but for the error, he would not have entered the plea." *Id.* We consider plain error "[i]n the context of the entire record." *Id.* at 506. Dasilva did not object to the district court's alleged failure to comply with Rule 11 during the plea hearing and we therefore review for plain error.

Dasilva entered his plea voluntarily and willingly. Despite Dasilva's arguments to the contrary, the record below indicates that the district court carefully apprised Dasilva of the rights he was waiving by pleading guilty, explicitly clarified that it was not bound by the stipulated guidelines range of 120 months' imprisonment that he and the government had outlined in his plea agreement, that the Guidelines are advisory, and that the district court would evaluate the § 3553(a) sentencing factors when imposing his sentence.

Dasilva argues that the district court's mention of the § 3553(a) factors was insufficient: the district court should have explained that, "even if the stipulated guideline range was found to be correct," the § 3553(a) factors allowed the court to "vary above the stipulated guideline range and impose a sentence in excess of 120 months['] imprisonment." Appellant Br. 39. This belies the record below. The district court did just that. The district court plainly referred to the sentencing factors during Dasilva's plea allocution and mentioned multiple times that the district court was not bound by any agreement with respect to a sentence that Dasilva had reached with the government. Moreover, Dasilva's own sentencing submissions evince that he was aware that "the Court is required to consider the Guidelines *together* with all of the factors set forth in 18

4

U.S.C. § 3553(a) in determining a reasonable sentence in each individual case." App'x. 90 (emphasis added). Dasilva knew that an application of the § 3553(a) factors could lead a court to vary from a Guidelines-range sentence. That is precisely what the district court did, and what the district court informed Dasilva it would do.

Dasvila also argues that, by asking the government to comment on the case at sentencing, the district court "all but invited" the government to argue for a sentence above the stipulated sentence. Appellant Br. 18. As it explained at the sentencing, the district court "always" asks the prosecution to situate a defendant in the broader context of an indictment. App. 167. Indeed, such information is necessary for the district court to properly evaluate the § 3553(a) factors. Dasilva contends that if he had "been advised that . . . the court had the power to vary above the guideline range and that in making such a determination the court would make inquiry of the government concerning the relevant factors pursuant to 18 U.S.C. § 3553(a) the Court would consider, clearly he would have some pause in entering his guilty plea pursuant to the plea agreement." Appellant Br. 37–38. Even assuming the district court did not advise him of this (which it did), "some pause" is not enough: Dasilva needs to show that, but for the district court's error, he would not have entered the plea. He has not done so.

Finally, Dasilva argues that the district court did not properly inquire into his mental state at the time of his plea. The record demonstrates that the district court ensured that Dasilva understood the consequences of his guilty plea and that he was capable of entering an informed plea. *See* App. 65–67. His counsel indicated that he had no doubt as to Dasilva's competence to plead. *See* App. 67. Now, on appeal, to demonstrate his diminished mental capacity at the time of his plea, Dasilva relies on comments by a psychologist that were submitted as part of his sentencing submissions, months after his guilty plea. At no time before the district court imposed his sentence did Dasilva attempt to withdraw his plea on the theory that it was not knowingly or voluntarily entered due to his mental state. Indeed, his sentencing submissions reiterated

Dasilva's remorse and *relied on his plea* as demonstration of this remorse and his heightened maturity since the time of his criminal behavior. He cannot argue now that that plea was not made knowingly, voluntarily, or intelligently.

We have considered all of Dasilva's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk