791 F.2d 936
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONALD LOUIS ZAVOLTA, JR., Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-3462
 United States Court of Appeals, Sixth Circuit.
 4/7/86
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: KEITH, NELSON and BOGGS, Circuit Judges.
 
 
 1
 Zavolta appeals pro se from the district court's judgment denying his motion to vacate. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Pursuant to a plea bargain, Zavolta pled guilty. to one count of possession of cocaine with intent to distribute. He received a 15 year sentence with three years special parole. His motion to vacate challenges the special parole statute as unconstitutional, and alleges that his guilty plea was not knowing and voluntary.
 
 
 3
 Zavolta argues that the special parole statute is unconstitutional because it contains the possibility of lifetime special parole. 21 U.S.C. Sec. 841(a)(1)(A). Because Zavolta received only a three year special parole term, he cannot raise this constitutional challenge. The general rule is that a person to whom a statute mayconstitutionally be applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others. New York v. Ferber, 458 U.S. 747, 767 (1982); Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973). So this issue is without merit.
 
 
 4
 Zavolta also argues that his plea was not knowing and voluntary because he was not aware of the possibility that he could receive a lifetime special parole term. It is true that a quilty plea must be a voluntary and intelligent choice. North Carolina v. Alford, 400 U.S. 25, 31 (1970). This Circuit has held that a district court must inform a defendant of the possibility of a special parole term. United States v. Walsh, 733 F.2d 31, 32-33 (6th Cir. 1984).
 
 
 5
 In the present case, the district court did inform Zavolta that he could receive a three year special parole term as part of his sentence. Therefore, any failure of the district court to inform Zavolta of the possibility that he could receive a lifetime special parole term was harmless error. Rule 11(h), Federal Rules of Criminal Procedure; United States v. Stead, 746 F.2d 355, 356-57 (6th Cir. 1984), cert. denied, ---- U.S. ----, 105 S.Ct. 1403 (1985). So this argument is also without merit.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.