68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodrique E. LAKE, Defendant-Appellant.
 No. 94-6284.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1995.
 
 1
 Before: MERRITT, Chief Judge; RYAN, Circuit Judge, and CLELAND, District Judge.*
 
 ORDER
 
 2
 Rodrique E. Lake appeals his conviction and sentence for conspiring to possess cocaine base for intended distribution, a violation of 21 U.S.C. Sec. 846. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Lake pleaded guilty to this charge on July 5, 1994. On September 19, 1994, the district court sentenced him to 60 months of imprisonment and five years of supervised release. It is from this judgment that Lake now appeals. His attorney has filed a motion to withdraw with a brief indicating that there are no non-frivolous issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Lake has filed a response which suggests that the potential argument noted in counsel's brief should have been investigated sooner.
 
 
 4
 An independent review of the record reveals no substantial issues that would support an appeal in this case. The re-arraignment transcript indicates that Lake's guilty plea was valid and that the district court substantially complied with Fed.R.Crim.P. 11. See Brady v. United States, 397 U.S. 742, 749 (1970); United States v. Stead, 746 F.2d 355, 356-57 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985). The court determined that Lake was competent to enter his plea and that he understood the constitutional rights that he was waiving, the nature of the charges against him and the consequences of his plea. Lake stated that he wanted to plead guilty and acknowledged the factual basis of his plea. The guilty plea is also consistent with a plea agreement that Lake and his attorney signed.
 
 
 5
 Counsel now suggests that Lake may be entitled to a lower sentence under 18 U.S.C. Sec. 3553(f), which permits the district court to impose a sentence under the sentencing guidelines if certain criteria are met, even if the guidelines sentence is lower than the statutory minimum. The district court considered the possible applicability of Sec. 3553(f), but specifically declined to exercise any discretion that it might have to impose a sentence below the statutory minimum.
 
 
 6
 Counsel's suggested argument lacks merit because Lake's sentence was imposed before Sec. 3553(f) became effective. See 18 U.S.C. Sec. 3553 note (Supp.1995) (Effective Date of 1994 Amendments). Several courts have refused to apply Sec. 3553 retroactively. See, e.g., United States v. Hughes, No. 93-6481, 1995 U.S.App. LEXIS 11612, at * 5 (6th Cir. May 15, 1995) (unpublished order). The corresponding amendment to the sentencing guidelines, USSG Sec. 5C1.2, also became effective after Lake's sentence was imposed, and it is likewise not subject to retroactive application. See USSG Sec. 1B1.10(c) (1994) (omitting Amendment 509).
 
 
 7
 Lake did not raise any unrelated issues at his sentencing hearing. Therefore, he has waived further appellate review of his sentence, in the absence of plain error that affects his substantial rights. See United States v. Thomas, 24 F.3d 829, 832 (6th Cir.), cert. denied, 115 S.Ct. 453 (1994). No other potential error is apparent from the present record.
 
 
 8
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation