**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4397**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

PHILLIP SCOTT FURR,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:10-cr-01043-TLW-1)

_____

Submitted:  November 27, 2013    Decided:  December 23, 2013

_____

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Scott Furr pled guilty to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012), but preserved his right to appeal the district court's denial of his motion to suppress under Franks v. Delaware, 438 U.S. 154 (1978). The district court originally sentenced Furr to 250 months' imprisonment. On appeal, the Government sought remand of the case for resentencing so that it could move for an additional one-level downward adjustment for acceptance of responsibility pursuant to the terms of the conditional plea agreement. See U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1(b) (2012). We granted the Government's motion, vacated Furr's sentence, and remanded for resentencing. At the resentencing hearing, the court granted the additional one-level downward adjustment for acceptance of responsibility to Furr's advisory Guidelines range and sentenced Furr to 228 months' imprisonment.

Furr now appeals the district court's amended judgment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Furr's guilty plea and whether Furr's sentence is reasonable.

2

Furr has filed a pro se supplemental brief, in which he raises several challenges to his sentence and the district court's denial of the motion to suppress. We affirm.

Initially, we conclude that some of the issues Furr raises in his pro se supplemental brief are barred by the mandate rule. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) (providing that "[t]he mandate rule is a specific application of the law of the case doctrine" to cases that have been remanded on appeal). Although Furr challenges the district court's application of the armed career criminal enhancement and argues that the Government breached the plea agreement by seeking the enhancement, Furr has waived appellate review of those issues by failing to raise them in his first appeal. See United States v. Pileggi, 703 F.3d 675, 680 (4th Cir. 2013) (holding that party "is not permitted to use the accident of a remand to raise an issue that it could just as well have raised in the first appeal" (internal quotation marks and alterations omitted)).

Next, Furr argues in his pro se supplemental brief, as he did in his first appeal, that the district court erred by denying his msotion to suppress. We review the factual findings underlying the district court's denial of a motion to suppress for clear error and the court's legal conclusions de novo.

3

United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010); see United States v. Spears, 673 F.3d 598, 604-05 (7th Cir.) (applying same standards to denial of motion following Franks hearing), cert. denied, 133 S. Ct. 232 (2012). A defendant bears a heavy burden in establishing the need for a Franks hearing. United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994). A defendant must make a substantial preliminary showing that a false statement critical to a finding of probable cause made knowingly and intentionally, or with reckless disregard for the truth, was included in the warrant affidavit. See Franks, 438 U.S. at 155-56; United States v. Clenney, 631 F.3d 658, 663 (4th Cir. 2011).

If the court conducts a hearing and finds that the affiant committed perjury or manifested a reckless disregard for the truth, the tainted material must be set aside. Franks, 438 U.S. at 156. If the remainder of the search warrant affidavit is insufficient to support a probable cause finding, then "the search warrant must be voided and the fruits of the search excluded." Id. The issue is not whether the challenged information in the affidavit supporting the warrant is ultimately found to be truthful, but whether "the information .. . [was] believed or appropriately accepted by the affiant as true." Id. at 165.

Upon our review of the transcript of the Franks hearing, we conclude that the district court did not err in finding that the officers did not provide false information to the magistrate judge or manifest a reckless disregard for the truth. The district court reasonably concluded that all three of the officers involved in obtaining the search warrant "believed or appropriately accepted" that the information offered to support issuance of the warrant was true. Id.

Turning next to the validity of Furr's guilty plea, counsel questions whether the district court complied with Rule 11 in accepting Furr's plea. Because Furr did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error on appeal, Furr must show: "(1) there is 'an error,' (2) the error is 'plain,' and (3) the error 'affect[s] substantial rights.'" Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). In the guilty plea context, a defendant meets his burden by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Upon our review of the transcript of Furr's guilty plea hearing, we conclude that the district court substantially complied with Rule 11 in accepting Furr's plea and that any omission by the court did not affect Furr's substantial rights. See Fed. R. Crim. P. 11(b)(1)(E) (mandating that court explain right against compelled self-incrimination); Massenburg, 564 F.3d at 344 (holding that "the mere existence of an error cannot satisfy the requirement that [defendant] show that his substantial rights were affected"); United States v. Stead, 746 F.2d 355, 356-57 (6th Cir. 1984) (concluding that failure to advise defendant of right against compelled self-incrimination did not require guilty plea to be set aside). Moreover, the district court ensured that Furr's plea was knowing and voluntary and supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Next, both counsel and Furr question the reasonableness of Furr's sentence. We review Furr's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if the court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence,

considers the 18 U.S.C. § 3553(a) factors, does not rely on clearly erroneous facts, and sufficiently explains the selected sentence. Id. at 49-51.

In his pro se supplemental brief, Furr argues that the district court erred (1) by failing to order a revised presentence report ("PSR"); (2) by failing to give him the opportunity to object to the revised PSR; and (3) in the procedure used at the resentencing hearing generally. We conclude that the record directly contradicts Furr's assertions: the court specifically gave counsel an opportunity to suggest an alternative procedure at the resentencing hearing. Neither party accepted the court's invitation or requested that the probation officer prepare a revised PSR. Accordingly, we conclude that Furr has waived any challenge related to the procedure employed by the district court at the resentencing hearing. See Olano, 507 U.S. at 733 ("[W]aiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)); United States v. Claridy, 601 F.3d 276, 284 n.2 (4th Cir. 2010) ("When a claim of . . . error has been waived, it is not reviewable on appeal."); see also United States v. Taylor, 659 F.3d 339, 348 (4th Cir. 2011) ("[T]he defendant is deemed bound by the acts of his lawyer-agent." (internal quotation marks omitted)).

Finding no significant procedural error, we now consider the substantive reasonableness of Furr's sentence. Gall, 552 U.S. at 51. In reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances," and, if the sentence is within the properly calculated Guidelines range, apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In his pro se supplemental brief, Furr argues that the district court erred by distinguishing between the facts of his case and the facts of Pepper v. United States, 131 S. Ct. 1229 (2011) (permitting district court to consider post-sentencing rehabilitation as appropriate basis for variance under § 3553(a) on resentencing), on the ground that Pepper demonstrated that he had been making significant efforts at rehabilitation outside prison, while Furr's efforts were all within the prison environment. We disagree with the suggestion that the district court erred or abused its discretion in distinguishing Pepper. It was not unreasonable for the court to conclude that Pepper's

8

significant progress outside of prison was more notable than Furr's efforts at rehabilitation while in prison and under the threat of sanctions for noncompliance.

Notably, the district court did not ignore Furr's efforts at rehabilitation. Although the court explicitly credited Furr for his efforts, the court also considered the serious conduct of the underlying offense; Furr's significant prior record, which includes many violent felonies, some involving particularly vulnerable victims; and Furr's demonstrated lack of respect for the law. See 18 U.S.C. § 3553(a)(1), (2)(A)-(D). Accordingly, we conclude that Furr has not shown that his sentence is unreasonable when measured against the § 3553(a) factors.

Finally, although Furr purports to challenge the district court's text order denying his post-sentence motion for reconsideration, Furr did not effectively appeal that order. See Smith v. Barry, 502 U.S. 244, 248-49 (1992) (holding that appellate brief may serve as notice of appeal only if it otherwise complies with rules governing proper timing and substance).

In accordance with Anders, we have reviewed the record and have found no meritorious grounds for appeal. We therefore affirm the district court's amended judgment. This court

9

requires that counsel inform Furr, in writing, of the right to petition the Supreme Court of the United States for further review.  If Furr requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Furr.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>